THE STATE OF OHIO, APPELLEE, *v.* LEE ET AL., APPELLANTS.

(No. 76-28—Decided December 15, 1976.)

*Mr. Joseph R. Grunda,* prosecuting attorney, *Mr. Thomas J. Dougan* and *Mr. Edward M. Zaleski,* for appellee.

*Messrs. Fink & Green, Mr. Michael Hennenberg, Ziplin & Associates Co., L. P. A.,* and *Mr. Steven F. Mitchell,* for appellants.

PAUL W. BROWN, J. The General Assembly, in enacting R. C. 2945.72, recognized that strict time limits for trials cannot be imposed in all circumstances as some degree of flexibility is necessary. That statute provides for certain extensions, and reads in pertinent part:

"The time within which an accused must be brought to trial * * * may be extended only by the following:

"* * *

"(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion."

It is evident that to construe R. C. 2945.72 too broadly would render meaningless, and thwart the direction of, the speedy-trial statutes. Practices which are used to undercut R. C. 2945.71 and 2945.73 must not be used to extend the requisite time limits. *State* v. *Pudlock* (1975), 44 Ohio St. 2d 104.

The record of the trial court must in some manner affirmatively demonstrate that a *sua sponte* continuance by the court was reasonable in light of its necessity or purpose. Mere entries by the trial court will ordinarily not suffice, except when the reasonableness of the continuance cannot be seriously questioned. Although this burden is contrary to the presumption of regularity generally accorded to trial proceedings, it appears necessary to carry out the purpose of the speedy-trial statutes.

However, where the court, pursuant to R. C. 2945.72 (H), continues the date of trial of a criminal case by entry made prior to the expiration of the time limit derived from R. C. 2945.71 to a date two days in excess of that time limit, gives as the reason therefor "crowded docket & judge's conference," and notifies the defendant and his counsel of the court's action, entry and reasons, the reasonableness of the extension cannot be seriously questioned and is satisfactorily evidenced by the failure of the defendant to object and to assert persuasively his basis for a contrary conclusion.

We recognize, and reiterate, that the duty of the state to try an accused within the time limits prescribed in R. C. 2945.71 is not affected by the accused's failure to demand a trial. See *State* v. *Cross* (1971), 26 Ohio St. 2d 270. However, this well-settled point of law is not applicable to this situation.

We perceive this continuance as being precisely what was contemplated by the General Assembly when it enacted R. C. 2945.72. Appellants have not successfully rebutted that the continuance was reasonable in both purpose and length, so as to warrant an extension pursuant to R. C. 2945.72(H).

The judgment of the Court of Appeals as to each appellant is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE and W. BROWN, JJ., concur.