OPINION
This appeal is brought by Robert S. Haywood, Appellant, from a judgment of the Court of Common Pleas of Allen County finding Appellant guilty of three counts of aggravated robbery, in violation of R.C. 2911.02(A)(2), and sentencing Appellant to consecutive terms of six to twenty-five years incarceration on each count.
On December 13, 1988, Haywood was arrested in connection with a robbery of a Lima area Dairy Mart that occurred on December 5, 1988. Haywood was subsequently indicted on three counts of first degree aggravated robbery on February 16, 1989. Haywood pled not guilty to the charges and a trial date was assigned for March 6, 1989. On March 3, 1989, defense counsel filed a motion to suppress identification evidence, obliging the trial court to vacate the original trial date and postpone any reassignment until after the hearing on the motion to suppress. The hearing on the motion to suppress was held on March 24, 1989, and was overruled by the trial court on March 28, 1989. A new trial date was then assigned for April 11, 1989. From December 13, 1988 until April 11, 1989, Haywood remained in jail pending a resolution of his case.
At trial, defense counsel made a motion to dismiss the charges against Haywood, claiming that the State failed to bring Haywood to trial within 90 days of his arrest, as mandated in R.C.2945.71. The trial court acknowledged that Haywood was brought to trial four days after the expiration of the speedy trial deadline; however, because the original trial date was set within the ninety day time frame and because Haywood's motion to suppress "threw the Court's docket out of gear," the trial court overruled Haywood's motion noting that the four day extension was not unreasonable under the circumstances. Haywood was subsequently found guilty of three counts of robbery by a jury and was sentenced accordingly by the trial court in April of 1989.
Appellant is now pursuing a direct appeal of his conviction and sentence. For reasons not relevant to our determination of Appellant's appeal, we have agreed to consider the merits of Appellant's appeal nine years after his conviction.
Appellant asserts three assignments of error for our review, the first of which states:
 The continuation of Mr. Haywood's trial beyond the two hundred seventy day time limit violates his right to a speedy trial pursuant to R.C. 2945.71 through 2945.73. In addition, this failure to provide a speedy trial is a violation of Mr. Haywood's fundamental rights guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution.
Both the United States Constitution and the Ohio Constitution guarantee a defendant a right to a speedy trial. In Ohio, the legislature has determined that a person charged with a felony must be brought to trial within two hundred seventy days after his arrest. R.C. 2945.71(C)(2). For purposes of computing the time expired under R.C. 2945.71(C)(2), "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." R.C. 2945.71(E). Therefore, when a defendant remains in jail, as Appellant did in this case, the State has ninety days to bring him to trial. Moreover, in the event the defendant in a felony case is not brought to trial within the requisite time period, R.C. 2945.73(B) mandates that upon a motion made at or before trial, the defendant must be discharged.
At the time of making the motion to dismiss on April 11, 1989, Appellant had spent one hundred nineteen days in jail. Excluding the twenty-five day delay caused by Appellant's motion to suppress, a total of ninety-four days elapsed from the time Appellant was arrested until he was brought to trial. This calculation was acknowledged by the court at trial and is not disputed by the State on appeal. Consequently, Appellant claims that a strict application of R.C. 2945.71 and R.C. 2945.73
requires that the charges against him be dismissed and that he be discharged.
The Supreme Court of Ohio has repeatedly held that the speedy trial provisions are mandatory and are to be strictly applied by the courts. State v. Pachay (1980), 64 Ohio St.2d 218, syllabus;State v. Butcher (1986), 27 Ohio St.3d 28, 31. To construe the speedy trial statutes too broadly would thwart the purpose of the statutes and render them meaningless. State v. Lee (1976),48 Ohio St.2d 208, 209. Thus, once a defendant has demonstrated a prima facie violation of the speedy trial statute, it becomes the burden of the State to then produce evidence demonstrating why the time in which the accused must be brought to trial should be extended, pursuant to R.C. 2945.72. Butcher, 27 Ohio St.3d at 31;State v. Baker (1993), 92 Ohio App.3d 516, 526.
In this case, the State did not present any argument at trial to justify the four extra days it took to bring Appellant to trial. Nevertheless, the trial court overruled Appellant's motion to dismiss, basing its decision first, on the fact the an original trial date was set within the ninety day limit and second, on the fact that Appellant's motion to suppress caused the court to reassign the trial date to April 11, 1989. The court cited R.C.2945.72(H) which allows the time within which an accused must be brought to trial to be extended by "[t]he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused own motion[.]" Moreover, since the court's docket was apparently such that the earliest available date for trial was four days over the statutory limit, the court concluded that a four day delay was not "unreasonable."
We find the decision of the trial court in error. In this case, there is no dispute that when taking into consideration the period of continuance caused by Appellant's own motion to suppress, ninety-four days elapsed before Appellant was brought to trial. Moreover, there is no evidence in the record of any other motion or continuance filed by the State or sua sponte by the court which would toll Appellant's speedy trial time. Indeed it was after the speedy trial time expired that the trial court attempted to justify the violation by citing Appellant's motion to suppress and its own crowded docket. The Supreme Court of Ohio denounced such a practice in State v. Mincy (1982), 2 Ohio St.3d 6,8, stating:
 This court has previously condemned after-the-fact extension and does not find it to be a meaningful distinction that appellee's trial was initially scheduled within the statutory time limit. The General Assembly has placed a burden upon the prosecution and the courts to try criminal defendants within a specified time after arrest. If we were to follow the state's reasoning, the only burden upon the prosecution and the courts would be to assure that a trial is scheduled within the appropriate time limit as long as it could subsequently be explained why the defendant was not brought to trial within the statutory time frame. It is obvious such reasoning does not comport with the purposes of the speedy trial statutes. * * *
(Citations omitted).
Rather, had the court intended to continue Appellant's case for reasons of docket congestion or the like, it could have done so before the expiration of Appellant's speedy trial time by simply placing a journal entry into the record indicating the reason for the continuance and identifying the party to whom the continuance was chargeable. Id., at syllabus; Cleveland v.Jones(1996), 110 Ohio App.3d 791, 794; State v. Geraldo
(1983), 13 Ohio App.3d 27, 30-31. No such entry appears in this record. Consequently, we find merit to Appellant's claim that he was brought to trial after the expiration of the statutory time limits described in R.C. 2945.71(E). We are constrained to apply the law of R.C. 2945.73, which requires that the charges against Appellant be dismissed and Appellant be discharged. Appellant's first assignment of error is sustained.
Appellant also assigned errors claiming ineffective assistance of trial counsel and error by the trial court in failing to order a competency examination of Appellant before trial. Because of our disposition of Appellant's first assignment of error, these arguments are rendered moot.
Having found error prejudicial to the Appellant herein, in the particulars assigned and argued, we vacate the judgment of the trial court and remand this cause to the trial court with instructions to order the immediate discharge of the Appellant from custody.
Judgment vacated, and cause remanded with instructions to discharge Appellant.
HADLEY and BRYANT, JJ., concur.