OPINION
Appellant, Karen M. Chah, appeals the judgment of the Ashtabula County Court, Eastern Division, which overruled her motion to dismiss for failure to comply with Ohio's speedy trial statute.
On February 24, 1998, appellant was arrested and charged with operating a motor vehicle under the influence of drugs or alcohol, operating a motor vehicle with a prohibited blood alcohol concentration, having an open container of alcohol in a motor vehicle, speeding, and failure to wear her seat safety belt.
On February 26, 1998, at her initial appearance, appellant requested a continuance, which was granted. On March 5, 1998, she pleaded "not guilty" and the case was set for a pretrial on March 31, 1998. At the pretrial, the court set the case for a jury trial to be held May 13, 1998, seventy-seven days after appellant's arrest.
On May 12, 1998, the trial court, sua sponte, continued appellant's jury trial, and issued the following judgment entry:
 "This case was set for jury trial as a back up to case number 97CRB436 State of Ohio v. Joseph McClusky on Wednesday, May 13, 1998. As the jury trial on case 97 CRB436 is going forward this case is continued to a later jury trial date."
Appellant's trial was subsequently scheduled for June 8, 1998, one hundred and four days after her arrest. On the date of the trial, the court overruled appellant's oral motion to discharge the case for failure to bring it to trial within the time limits set forth in R.C. 2945.71(C)(2). Appellant changed her plea to "no contest" on the driving under the influence charge and the court dismissed the other charges. It sentenced her to probation and suspended her license.
Appellant appeals and raises the following assignment of error:
 "The trial court erred to the prejudice of defendant in denying her motion to dismiss filed after more than ninety days passed before trial of a first degree misdemeanor."
In her assignment of error, appellant asserts that the time limits under R.C. 2945.72(H) cannot be tolled by the trial court'ssua sponte continuance due to a conflicting jury trial. R.C. 2945.71(B)(2) requires that a person charged with a first-degree misdemeanor must be brought to trial within ninety days of her arrest. However, R.C. 2945.72(H) allows this period to be tolled during any continuance granted upon the accused's own motion and the period of any reasonable continuance granted otherwise.
In the instant action, it is undisputed that appellant was not brought to trial until one hundred and four days after her arrest. The trial court properly entered judgment explaining the reason for the extension prior to the expiration of the time limits prescribed, as required by State v. Mincy (1982), 2 Ohio St.3d 6, 441 N.E.2d 571. Thus, we need only determine whether the continuance due to a conflicting jury trial was reasonable.
Numerous cases decided by the Ohio Supreme Court and various Ohio appellate courts have determined that short extensions of time beyond the expiration of the time limit set forth in R.C.2945.71 due to crowded dockets and conflicting trials are reasonable. See State v. Lee (1976), 48 Ohio St.2d 208,357 N.E.2d 1095. Except upon the motion of the accused, a court may only grant a continuance, beyond the expiration of the statutory time limit, if the continuance was reasonable in both its purpose and length. State v. Pate (July 5, 1996), Portage App. No. 95-P-0021, unreported. In Lee, the court held that in such circumstances "* * * the reasonableness of the extension is satisfactorily evidenced by the failure of the defendant to object and to assert persuasively [her] basis for a contrary conclusion."Lee, 48 Ohio St.2d 208, syllabus.
On March 31, the court scheduled the trial for May 13, forty-three days later and thirteen days before the expiration of the ninety day limit. A trial court should consider the possibility of speedy trial violations when more than one criminal prosecution is scheduled for a jury trial on the same date; however, extending the trial fourteen days beyond the statutory limit is not facially unreasonable. Appellant has not demonstrated that the continuance was unreasonable in either purpose or length. Thus, according to our decision in Pate and the supreme court's decision in Lee, appellant's right to a speedy trial was not violated. Appellant's assignment of error is without merit.
For the foregoing reasons, the judgment of the trial court is affirmed.
FORD, P.J., CHRISTLEY, J., concur.