DECISION AND JOURNAL ENTRY
Appellant, Michael Deshich ("Deshich") appeals from the decision of the Medina Municipal Court denying his motion to dismiss on the grounds that he was denied a speedy trial. We affirm.
 I.
Deshich's first appeal to this court was dismissed for lack of a final appealable order. State v. Deshich (Feb. 2, 2000), Summit App. No. 2952-M, unreported.
On April 21, 1997, Deshich was charged with operating a motor vehicle while under the influence of alcohol, a violation of R.C. 4511.19(A)(1), with driving with a prohibited breath-alcohol content, a violation of R.C. 4511.19(A)(3), and with driving outside marked lanes of travel, a violation of R.C. 4511.33. Deshich pled not guilty to the charges against him.
A bench trial was scheduled for June 20, 1997. Following a demand for a trial by jury, the trial was rescheduled for July 15, 1997. Numerous continuances followed as Deshich first moved to suppress the results of a breathalyzer test that had been administered to him and later to dismiss the complaint against him, arguing that his right to a speedy trial under both R.C. 2945.71(B)(2) and the Sixth Amendment to the United States Constitution had been violated. The trial court granted the motion to suppress but denied the motion to dismiss. Deshich moved the trial court to reconsider its decision on February 17, 1999. The trial court denied the motion and the matter proceeded to a jury trial on February 18, 1999, in which Deshich was found guilty of violating R.C. 4511.19(A)(1) and 4511.33. The trial court subsequently sentenced Deshich to a $250 fine for the R.C. 4511.19 conviction, to a $50 fine for the R.C. 4511.33
conviction, to receive six points on his license, to a six-month license suspension, to one hundred eighty days in jail with the possibility of up to one hundred seventy-seven days suspended and three days credit if Deshich attended a driver intervention program, and to probation for one year. The sentence was stayed pending this appeal.
 II.
Assignment of Error No. 1:
 THE COURT ERRED IN FAILING TO ATTRIBUTE THE INTERVAL FROM SEPTEMBER 26 THROUGH NOVEMBER 17, 1997 AGAINST THE STATE OF OHIO IN COMPUTING THE DAYS IN WHICH THE DEFENDANT MUST BE BROUGHT TO TRIAL UNDER HIS RIGHTS TO SPEEDY TRIAL PER R.C. 2945.71[(B)(2)].
 In his first assignment of error Deshich argues that the 62 days between September 26, 1997 and November 17, 1997, should be charged against the city. We disagree.
When reviewing an assignment of error raising a defendant's denial of his right to a speedy trial, this Court must apply the de novo standard to questions of law and the clearly erroneous standard to questions of fact. State v. Thomas (Aug. 4, 1999), Lorain App. No. 98CA007058, unreported at 4.
As applicable to first degree misdemeanors, R.C. 2945.71(B)(2) states that a person charged with a misdemeanor, other than a minor misdemeanor, shall be brought to trial "[w]ithin ninety days after the person's arrest or the service of summons[.]" R.C. 2945.73(B) requires a defendant to be discharged if not brought to trial within the time required by R.C. 2945.71, so long as the defendant made a motion at or prior to the commencement of trial.
The time period under R.C. 2945.71 may be extended or tolled under certain circumstances. Pursuant to R.C. 2945.72(H), the time within which an accused must be brought to trial can be extended by any reasonable continuance other than upon the accused's own motion. Continuances granted to the state and ordered sua sponte by the trial court are similar because they must be reasonable. Reasonableness is strictly construed against the state. State v. Singer (1977),50 Ohio St.2d 103, 109. If they are not reasonable, both types of continuances must be charged against the state for speedy trial purposes.
The reasonableness of a continuance is determined by examining the purpose and length of the continuance as specified in the record. Statev. Lee (1976), 48 Ohio St.2d 208, 210. "[I]t is difficult, if not unwise, to establish a per se rule of what constitutes `reasonableness' beyond the ninety-day structure of R.C. 2945.71." State v. Saffell
(1988), 35 Ohio St.3d 90, 91. "Invariably, resolution of such a question depends on the peculiar facts and circumstances of the particular case."Id.
In the case sub judice, the trial court had set the suppression hearing for October 6, 1997. On September 26, 1997, the city requested a continuance because the prosecuting attorney needed additional time to prepare for the suppression hearing. The city's motion did not request any specific length of time needed for a continuance. The record shows this was the city's first request for a continuance.
On October 2, 1997, the court granted the city's motion for continuance. The journal entry stated the motion was granted for the reasons stated in the city's motion. In that same journal entry the court placed a checkmark next to a preprinted finding that stated "this is a reasonable continuance granted other than upon the accused's own motion pursuant to Ohio Revised Code 2945.72(H)."
Mere entries by the trial court stating that a continuance is reasonable will ordinarily not suffice, except when the reasonableness of a continuance cannot be seriously questioned. See Lee, 48 Ohio St.2d at syllabus; but see, State v. Wentworth (1978), 54 Ohio St.2d 171, 175. A defendant's failure to object to a continuance and assert persuasively his basis for a contrary conclusion is evidence that the reasonableness of a continuance cannot be seriously questioned. Lee, 48 Ohio St.2d at syllabus.
Although cogent argument can be, and now has been, made by Deshich herein that the extension of time was not reasonable, he made no objection to the continuance at the time it was granted and accordingly, "the reasonableness of the extension is satisfactorily evidenced by the failure of the defendant to object and to assert persuasively his basis for a contrary conclusion," when he was expressly notified of the continuance, and the reasons therefor. Id.
Where, as here, the trial court grants such an extension, any objection to the reasonableness of the extension must be made at that time. By hindsight, we might well conclude that the continuance was not reasonable, especially since the case was continued solely for the purpose of allowing the city more time to prepare for the suppression hearing.
Deshich did not raise the unreasonableness of the continuance in a timely fashion. We find no indication that he raised objections as to the reasonableness of the continuance when the court granted it on October 2, 1997. Furthermore, there is no objection to its reasonableness in either his memorandum in support of his motion to dismiss or his memorandum in support of his motion to reconsider.
However, at the oral hearing immediately prior to trial on February 18, 1999, defense counsel suggested for the first time that some period of time between the court's grant of the October 2, 1997 continuance and the November 17, 1997 suppression hearing should be charged to the city.
We find the reasonableness of the extension was satisfactorily evidenced by Deshich's failure to object at the time such continuance was granted, and at that time to assert his basis for a contrary conclusion. Had Deshich done so timely, the trial court would have been in a position to recognize the questionable reasonableness of the continuance under the circumstances and make a different ruling.
Deshich's first assignment of error is overruled.
Assignment of Error No. 2:
 THE COURT ERRED IN FAILING TO ASSIGN ANY TIME AGAINST THE STATE OF OHIO IN ITS COMPUTATION OF SPEEDY TRIAL TIME DUE TO THE STATE'S FAILURE TO PROVIDE SUPPLEMENTAL DOCUMENTATION FROM MAY 15, 1998 UNTIL DECEMBER 29, 1998.
 In his second assignment of error, Deshich argues that all or a portion of the 228 days between May 15, 1998 and December 29, 1998 should count against the city for the delay caused by their failure to respond to the trial court's order to provide discovery. We disagree.
In the present case, on May 15, 1998, the trial court sua sponte
ordered the city to "provide by way of affidavit with attached documentation, the date on which the tube going from the solution chamber to the BAC DataMaster at the Ohio State Patrol was replaced." The city failed to respond to the discovery order. On December 29, 1998 the trial court granted Deshich's motion to suppress the evidence of his breathalyzer test.
Crim. R. 16(E)(3) provides:
 [i]f at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection, grant a continuance, * * * or it may make such other order as it deems just under the circumstances.
 Pursuant to Crim.R. 16, Deshich's recourse for the city's failure to comply with the discovery order was to bring it to the attention of the trial court. If the trial court had been informed of the delay caused by the city's failure to comply with the discovery order, the trial court could have considered whether the delay should be counted against the state. Once informed, the trial court could have granted an order compelling discovery or a continuance, and the resulting continuance would have been charged against the city, if the city's delay was "willful and prejudicial to the defense." State v. Wamsley (1991), 71 Ohio App.3d 607, 611. However, a review of the record reveals that Deshich did not inform the trial court of this delay or its cause during the 228 days in question.
We find that Deshich's failure to inform the trial court of the delay caused by the city's failure to comply with the discovery order was an acquiescence to the delay. We cannot expect the trial court to react to the city's conduct and possibly decide to charge the time to the city if the trial court was not informed of the delay or that the city was causing the delay. Accordingly, the trial court did not err in charging this 228 days against Deshich.
The second assignment of error is overruled.
Assignment of Error No. 3:
 THE COURT ERRED IN COMPUTING THE ENTIRE PERIOD FROM THE CONCLUSION OF THE EVIDENTIARY HEARING FEBRUARY 17, UNTIL THE ISSUANCE OF THE SUPPRESSION ORDER DECEMBER 29, 1998 AGAINST THE DEFENDANT BECAUSE SUPERINTENDENCE RULE 40 REQUIRES THAT MOTIONS BE RULE UPON WITHIN 120 DAYS.
 In his final assignment of error, Deshich argues that a portion of the 315 days between February 17, 1998 and December 29, 1998 should be charged against the city pursuant to Sup.R. 40. We disagree.
Sup.R. 40(A) states in relevant part "[a]ll motions shall be ruled upon within one hundred and twenty days from the date the motion was filed, except as otherwise noted on the report forms." Deshich argues that the trial court exceeded 120 days in ruling on his motion to suppress evidence. According to Deshich's calculations the conclusion of the February 17, 1998 evidentiary hearing on his motion to suppress stopped the speedy trial clock for 120 days. Therefore, Deshich calculates that on June 17, 1998, (120 days later) the speedy trial clock began to run and the next 195 days until the court's ruling on December 29, 1998 should be charged against the city.
We begin by noting that the court in State v. Gettys (1976),49 Ohio App.2d 241, 243, found the rules of superintendence to be "purely internal housekeeping rules which are of concern to the judges of the several courts but create no rights in individual defendants." Furthermore, "[t]he Rules of Superintendence are not designed to alter basic substantive rights of criminal defendants." Singer (1977),50 Ohio St.2d at 110.
Normally time spent by the trial court in determining a defendant's motion is not used in calculating speedy trial time; See R.C. 2945.72(H). However, an unreasonable or excessive delay in determining such a motion may violate a defendant's speedy trial rights. See, e.g., State v.Arrizola (1992), 79 Ohio App.3d 72, 75-76.
The determination of a reasonable time in which a trial court must rule on an accused's motion must involve a careful examination of the circumstances. Initial consideration must be given the significant demands placed on the time and schedules of the trial court judges.State v. Wilson (1982), 7 Ohio App.3d 219, 222, overruled on other grounds by State v. Palmer (1997), 84 Ohio St.3d 103, 105. The complexity of the facts and the difficulty of the legal issues presented must also be considered. Courts that have addressed this issue have found that periods of time exceeding seven months were unreasonable. State v.McNutt (Sept. 20, 1996), Ashtabula App. No. 96-A-0002, unreported (finding a twelve-month delay was unreasonable).
In the present case, on August 7, 1997, the trial court granted Deshich a continuance to file his motion to suppress on the sole issue of the calibration of the breathalyzer. The trial court granted his motion to suppress on December 29, 1998. Sixteen months elapsed between his motion and the trial court's ruling. The record reflects that during this period of time the trial court: 1) granted the city's motion to continue, 2) acted sua sponte resetting the suppression hearing date, 3) granted Deshich's motion to continue the evidentiary hearing until February 12, 1998; and 4) ordered the city to provide discovery regarding evidence for the suppression hearing. While the mere period of time, sixteen months appears to be facially unreasonable, we find that the delay was reasonable given the particular circumstances of the case.
Deshich's third assignment of error is overruled.
 III.
Having overruled all three assignments of error we affirm the judgment of the trial court.
 —
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Medina Municipal court, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ WILLIAM R. BAIRD
BATCHELDER, P. J., CARR, J., CONCUR