DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Toledo Municipal Court that found appellant guilty of one count of failure to correct a nuisance in violation of Toledo Municipal Code 1705.07. For the reasons that follow, this court reverses the judgment of the trial court.
Appellant sets forth the following assignments of error:
"FIRST ASSIGNMENT OF ERROR
 "THE TRIAL COURT ERRED IN DENYING THE MOTION TO DISMISS FOR VIOLATION OF THE STATUTORY RIGHT TO A SPEEDY TRIAL.
"SECOND ASSIGNMENT OF ERROR
 "THE CONVICTION IN THIS CASE WAS BASED ON INSUFFICIENT EVIDENCE, AND THE TRIAL COURT ERRED IN OVERRULING THE MOTIONS FOR JUDGMENT OF ACQUITTAL. (TR 179, 206)
"THIRD ASSIGNMENT OF ERROR
 "THE CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
"FOURTH ASSIGNMENT OF ERROR
 "AFTER REPEATED TESTIMONY REGARDING ALLEGED MISCONDUCT NOT AT ISSUE IN THIS CASE, THE TRIAL COURT ERRED IN NOT GRANTING A MISTRIAL. (TR 7, 8, 9, 331, 121, 126-127.)"
The undisputed facts that are relevant to the issues raised on appeal are as follows. On July 17, 2000, appellant was charged with failure to correct a nuisance, a fourth-degree misdemeanor. Service was made on July 21, 2000. Pursuant to R.C. 2945.71(B)(1), a person charged with a misdemeanor of the fourth degree must be brought to trial within forty-five days of arrest or service of summons. In appellant's case the forty-fifth day was September 5, 2000. On August 23, 2000, the trial court, on its own motion, noted on the docket that the case would be set out of time on the first available date due to the "judge's schedule." The next docket entry, dated September 8, 2000, indicates again that the case would be set out of time due to the "judge's schedule." Appellant filed a jury demand, and on September 15, 2000, the matter was sent to the assignment commissioner for a jury trial date.
On September 18, 2000, appellant waived her right to a speedy trial, adding that the waiver was "only as to excess time to get to first jury date from this date." The case came to trial on November 16, 2000. On that date, appellant filed a motion to dismiss on the grounds that the city failed to comply with the statutory speedy trial provision. Appellant's motion was denied and the trial began. On November 17, 2000, the jury found appellant guilty of the charge against her.
In her first assignment of error, appellant asserts that the trial court erred by denying her motion to dismiss. Appellant argues that the two continuances due to the "judge's schedule" did not satisfy the requirement of R.C. 2945.72(H) that the court provide a reasonable explanation for a continuance on its own motion. The state did not file a brief.
R.C. 2945.72(H) provides that a "reasonable continuance granted other than upon the accused's own motion" may extend the time period set forth in R.C. 2945.71(B)(1). Reasonableness depends upon the facts and circumstances of each case. State v. Saffell (1988), 35 Ohio St.3d 90,91. In determining such reasonableness, however, R.C. 2945.72 must not be interpreted "too broadly" so as to render the speedy-trial statutes meaningless. State v. Lee (1976), 48 Ohio St.2d 208, 209. Thus, although a crowded docket may be a sound reason to extend the time period for a speedy trial, "practices which undercut the implementation of the `speedy trial' provisions * * * must not be employed to extend the requisite time periods." State v. Pudlock (1975), 44 Ohio St.2d 104, 106. See, also,State v. Harr (1992), 81 Ohio App.3d 244, 247-248.
Although appellant waived her right to a speedy trial, it was not done until September 18, 2000, which was thirteen days after the time limit had passed, and after the two continuances by the trial court. It therefore is the time period between service of summons and September 18 that concerns this court. Upon consideration of the record, we find that setting the case for trial past the statutory time limit two times due to "judge's schedule" without further explanation does not constitute a "reasonable continuance" pursuant to R.C. 2945.72(H). The law requires us to look at the particular facts of the case, but in this case the entry provides no explanation for us to consider. Accordingly, we find that the trial court erred in denying the motion to dismiss for violation of appellant's right to a speedy trial and appellant's first assignment of error is well-taken.
Based on the foregoing, appellant's second, third and fourth assignments of error are moot.
On consideration whereof, this court finds that appellant was prejudiced and prevented from having a fair trial. The judgment of the Toledo Municipal Court is reversed and appellant's conviction is vacated. Costs of this appeal are assessed to appellee.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., James R. Sherck, J., and Richard W. Knepper,J., CONCUR.