This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant, Adam Berner, appeals from his conviction for possession of marijuana in the Wadsworth Municipal Court. We affirm.
On July 9, 2001, Defendant was cited for possession of marijuana, in violation of R.C. 2925.11(C)(3)(a), which is a minor misdemeanor. A trial was scheduled for August 3, 2001. However, on August 2, 2001, the trial court sua sponte continued the trial because a jury trial that had commenced that day did not finish. The trial was rescheduled for August 27, 2001. Subsequently, Defendant moved to dismiss on the ground that he was not brought to trial within the thirty-day time period established by R.C. 2945.71. The trial court denied his motion. On August 22, 2001, the State moved for a continuance due to the fact that a necessary witness would be on vacation, and the trial court granted the State's motion. Thereafter, the trial court scheduled the trial for October 3, 2001. Defendant again moved to dismiss. The trial court denied Defendant's motion to dismiss. Defendant pled no contest to the possession of marijuana citation. Subsequently, the trial court found him guilty and sentenced him accordingly. Defendant timely appeals, raising one assignment of error for review.
 ASSIGNMENT OF ERROR
The trial court erred in failing to grant [Defendant's] motions to dismiss.
In his sole assignment of error, Defendant avers that he was denied his right to a speedy trial because his trial was held outside the time limit outlined by R.C. 2945.71; therefore, the trial court erred in failing to grant his motions to dismiss. We disagree. For purposes of review, we will separately address the trial court's sua sponte continuance and the continuance that resulted from the State's motion.
When reviewing a defendant's claim that he was denied his right to a speedy trial, an appellate court applies the de novo standard to questions of law and the clearly erroneous standard to questions of fact. State v.Thomas (Aug. 4, 1999), 9th Dist. No. 98CA007058, at 4.
Pursuant to Ohio's speedy trial statute, a defendant charged with a minor misdemeanor "shall be brought to trial within thirty days after the person's arrest or the service of summons." R.C. 2945.71(A). When computing the time within which a defendant must be brought to trial under R.C. 2945.71, the day of arrest or service of summons is not included. See State v. Steiner (1991), 71 Ohio App.3d 249, 250-251. If a defendant is not brought to trial within the prescribed time, the trial court must discharge the defendant upon a motion for dismissal prior to or at the commencement of trial. R.C. 2945.73(B).
Although R.C. 2945.71(A) sets forth time limits in which a defendant must be brought to trial, R.C. 2945.72 provides for the tolling of the speedy trial statute due to continuances of criminal trial dates. Specifically, R.C. 2945.72 states in relevant part:
The time within an accused must be brought to trial * * * may be extended only by the following:
* * *
 (H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion[.]
Therefore, a continuance, which is granted on the state's motion or by the trial court sua sponte, must be reasonable in order to extend the statutory speedy trial limit. Akron v. Robinson (Apr. 3, 2002), 9th Dist. No. 20674, 2002-Ohio-1503, at ¶ 12. The reasonableness of a continuance is determined by examining the purpose and length of the continuance. State v. Lee (1976), 48 Ohio St.2d 208, 210. "[I]t is difficult, if not unwise, to establish a per se rule of what constitutes `reasonableness' beyond the [statutory] stricture of R.C. 2945.71. Invariably, resolution of such a question depends on the peculiar facts and circumstances of a particular case." State v. Saffell (1988),35 Ohio St.3d 90, 91.
Also, a continuance granted by the trial court sua sponte must be accompanied by a journal entry made prior to the expiration of the statutory speedy trial limit. State v. Mincy (1982), 2 Ohio St.3d 6, syllabus. The journal entry must explain the trial court's reasons for granting the continuance. Id. at 9.
In the instant case, Defendant was cited for possession of marijuana on July 9, 2001, and, accordingly, the statutory speedy trial time began to run on July 10, 2001. See Steiner, 71 Ohio App.3d at 250-251. The State had until August 9, 2001, to bring Defendant to trial. However, on August 2, 2001, the trial court sua sponte continued the trial because a jury trial, which began that day, did not finish. The trial court rescheduled the trial for August 27, 2001, eighteen days past the time limits imposed by R.C. 2945.71. As the trial court's order was entered prior to the expiration of the speedy trial time limit and stated the court's reason for granting the sua sponte continuance, we find that the requirements outlined in Mincy have been satisfied.
Additionally, we must determine whether the continuance due to an ongoing jury trial was reasonable. The trial court maintains the discretion and the authority to control its own docket. State v. Atkins
(Dec. 1, 1995), 6th Dist. No. S-95-005. Moreover, short extensions of time beyond the expiration of the time limit set forth in R.C. 2945.71
due to crowded dockets and conflicting trials are reasonable. See Lee,48 Ohio St.2d 208 at syllabus; Atkins, 6th Dist. No. S-95-005 (finding that seventeen day delay due to conflicting jury trials was a reasonable delay and appellant's right to a speedy trial was not violated). Consequently, we find that the trial court's order rescheduling Defendant's trial eighteen days following the expiration of the speedy trial time limit due to a pending jury trial was not unreasonable.
We will now address the reasonableness of the continuance based on the State's motion.
The State requested a continuance on the basis that a necessary witness was unavailable for trial. Thereafter, the trial court granted the State's motion for a continuance. The trial court's order stated that good cause existed to grant the motion and the continuance was reasonable.
Generally, mere entries by the trial court stating that a continuance is reasonable will not suffice, except when the reasonableness of a continuance cannot be seriously challenged. See Lee, 48 Ohio St.2d 208 at syllabus. But see, State v. Wentworth (1978), 54 Ohio St.2d 171, 175. A defendant's failure to object and assert his basis for a contrary conclusion is evidence that the reasonableness of a continuance cannot be seriously challenged. Lee, 48 Ohio St.2d 208 at syllabus.
Although Defendant argues that the extension of time was unreasonable, he did not object to the continuance at the time it was granted. As such, "the reasonableness of the extension is satisfactorily evidenced by the failure of the defendant to object and to assert persuasively his basis for a contrary conclusion" when he was expressly notified of the continuance, and the reasons underlying the continuance. Id. See, also,State v. Deshich (Jan. 10, 2001), 9th Dist. No. 3054-M, at 6 (finding continuance reasonable because defendant failed to timely object).
Defendant could have alerted the trial court of his concern regarding the reasonableness of the continuance had he timely objected, thereby allowing the court to possibly make a different ruling. See Deshich, supra. However, since Defendant did not raise the unreasonableness of the continuance in a timely fashion, we find the reasonableness of the extension was satisfactorily evidenced by his failure to object when the continuance was granted.
Consequently, Defendant was not denied his right to a speedy trial as the speedy trial limit was properly tolled by the trial court's sua sponte continuance and the continuance based on the State's motion. Accordingly, Defendant's sole assignment of error is overruled.
Defendant's assignment of error is overruled. The conviction in the Wadsworth Municipal Court is affirmed.
CARR, J., BATCHELDER, J. CONCUR.