[Cite as *State v. McDougald*, 2022-Ohio-3191.]

COURT OF APPEALS
SCIOTO COUNTY, OHIO
FOURTH APPELLATE DISTRICT

| | | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J., |
| | : | |
| -vs- | : | Sitting by Assignment by the |
| | : | Ohio Supreme Court |
| JEROME MCDOUGALD AKA | : | |
| JERONE MCDOUGALD | : | |
| | : | Case No. 21-CA-3961 |
| Defendant-Appellant | : | |
| | : | |
| | : | OPINION |

CHARACTER OF PROCEEDING:     Criminal appeal from the Scioto County
                             Court of Common Pleas, Case No. 19-
                             CR1055

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      **September 8, 2022**

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

SHANE A. TIEMAN                       SHAWN STRATTON
Prosecuting Attorney                  602 Chillicothe Street, Suite 441
BY: MATTHEW F. LOESCH                 Portsmouth, OH  45662
Assistant Prosecutor
612 6th Street, Room E
Portsmouth, OH 45662

*Gwin, P.J.*

{¶1} Defendant-appellant Jerome McDougald, aka Jerone McDougald ["McDougald"] appeals his conviction after a jury trial in the Scioto County Court of Common Pleas.

*Facts and Procedural History*

{¶2} On March 28, 2019, McDougald was an inmate at the Southern Ohio Correctional Facility. Michael Englehardt was a correctional officer at the facility. On that morning, Englehardt accompanied Nurse Laura Hart on her rounds to pass out the morning medication to the inmates in McDougald's cellblock.

{¶3} The pair approached McDougald's cell and asked him if he wanted his medications. As Englehardt began to open the hatch on the cell door to hand McDougald his medications, McDougald responded, "F**k you." He then spat "between the crack between the two doors where the door opens." T. at 174. Mr. Englehardt testified that the spittle struck him on the shirt and pants. Id. at 176. The incident was captured on the facilities security cameras. State's Exhibit 1.

{¶4} Englehardt's shirt and pants were collected as evidence, photographed, and submitted to the Ohio Bureau of Criminal Investigation crime laboratory. Sara Grimsley testified that Englehardt's shirt tested positive for amylase a substance found in several bodily fluids including saliva. She further testified that no DNA testing was done in this case. T. at 214; 224.

{¶5} On October 22, 2019, McDougald was indicted in Scioto County Court of Common Pleas case number 19-CR-1055 on two counts of Harassment by an Inmate with a Bodily Substance in violation of R.C. 2921.38 (A)/(D).

{¶6}   On March 1, 2021, the trial court granted the state's motion to dismiss Count 1 of the indictment.  [Docket Number 60].

{¶7}   The jury found McDougald guilty of Count 2 of the indictment.  The trial court ordered McDougald to serve a twelve-month prison sentence to run consecutive to his current prison term.

*Assignments of Error*

{¶8}   McDougald raises two Assignments of Error,

{¶9}   "I. THE TRIAL COURT'S FAILURE TO GRANT MR. MCDOUGALD'S MOTION TO DISMISS VIOLATED HIS STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO A SPEEDY TRIAL.

{¶10} "II. THE DEFENSE COUNSEL APPOINTED TO REPRESENT THE DEFENDANT IN THIS CASE DID NOT PROVIDE EFFECTIVE ASSISTANCE OF COUNSEL."

I.

{¶11} In his First Assignment of Error, McDougald argues that the trial court violated his right to a speedy trial.

**STANDARD OF APPELLATE REVIEW**

{¶12} Speedy trial provisions are mandatory and are encompassed within the Sixth Amendment to the United States Constitution.  The availability of a speedy trial to a person accused of a crime is a fundamental right made obligatory on the states through the Fourteenth Amendment.  *State v. Ladd*, 56 Ohio St.2d 197, 200, 383 N.E.2d 579 (1978).  "The statutory speedy trial provisions, R.C. 2945.71 et seq., constitute a rational effort to enforce the constitutional right to a public speedy trial of an accused charged with

the commission of a felony or a misdemeanor and shall be strictly enforced by the courts of this state." *State v. Pachay*, 64 Ohio St.2d 218, 416 N.E.2d 589 (1980), syllabus.

{¶13} To determine whether there has been a denial of a defendant's constitutional right to a speedy trial, the court considers four factors identified in *Barker v. Wingo,* 407 U.S. 514, 523, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972): "(1) the length of delay, (2) the reason for the delay, (3) the defendant's assertion of his right to a speedy trial, and (4) the prejudice to the defendant." *State v. Hull*, 110 Ohio St.3d 183, 2006-Ohio-4252, 852 N.E.2d 706, ¶22, *citing Barker* at 530, 92 S.Ct. 2182, 33 L.Ed.2d 101. No single factor controls the analysis, but the length of the delay is important. "Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Barker* at 530, 92 S.Ct. 2182. Generally, a delay that approaches one year is presumptively prejudicial. *Doggett v. United States*, 505 U.S. 647, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992), fn. 1. *Accord, State v. Long,* 163 Ohio St.3d 179, 2020-Ohio-5363, 168 N.E.3d 1163, ¶14.

{¶14} Our review of a trial court's decision regarding a motion to dismiss based upon a violation of the speedy trial provisions involves a mixed question of law and fact. *State v. Larkin,* 5th Dist. No. 2004–CA–103, 2005-Ohio-3122, ¶11. *Long,* 163 Ohio St.3d 179, 2020-Ohio-5363, 168 N.E.3d 1163, ¶15. As an appellate court, we must accept as true any facts found by the trial court and supported by competent, credible evidence. *State v. Taylor*, 5th Dist. Richland No. 16 CA 17, 2016-Ohio-5912, ¶43, *citing Larkin; Long,* 163 Ohio St.3d 179, 2020-Ohio-5363, 168 N.E.3d 1163, ¶15.

{¶15} With regard to the legal issues, however, we apply a de novo standard of review and thus freely review the trial court's application of the law to the facts. *Long,*

163 Ohio St.3d 179, 2020-Ohio-5363, 168 N.E.3d 1163, ¶15. When reviewing the legal issues presented in a speedy-trial claim, we must strictly construe the relevant statutes against the state. *Brecksville v. Cook*, 75 Ohio St.3d 53, 57, 661 N.E.2d 706, 709 (1996); *State v. Colon*, 5th Dist. Stark No. 09-CA-232, 2010-Ohio-2326, ¶12.

**Issues for appellate review:** *Whether the trial court permissibly extended the trial date beyond the R.C. 2945.71 time prescriptions; whether McDougald was brought to trial within a reasonable period consistent with constitutional standards.*

{¶16} A person charged with a felony shall be brought to trial within 270 days after the person's arrest or the service of summons. R.C. 2945.71(C)(2). Because McDougald was serving a prison sentence at the time of the offense, the triple count provisions of R.C. 2945.71(E) do not apply. The Ohio Supreme Court has held that the triple count provision only applies when the person is being held in jail in lieu of bail solely on the pending case. *State v. McDonald*, 48 Ohio St.2d 66, 357 N.E.2d 40(1976), paragraph one of the syllabus. In addition, the first day is excluded from the count. *State v. Adkins*, 4 Ohio App.3d 231, 232, 447 N.E.2d 1314 (3rd Dist. 1982), Crim.R. 45 and R.C. 1.14. Accordingly, the state had until Monday, July 20, 2020 to bring McDougald to trial.[1]

{¶17} However, R.C. 2945.72 provides for a tolling of the time limitations under certain circumstances,

The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:

---

[1] Indictment filed October 22, 2019. 270 days equals Saturday, July 18, 2020. Exclude first day equals Sunday July 19, 2020. Therefore, Monday July 20, 2020 is the speedy trial try by date.

(A) Any period during which the accused is unavailable for hearing or trial, by reason of other criminal proceedings against him, within or outside the state, by reason of his confinement in another state, or by reason of the pendency of extradition proceedings, provided that the prosecution exercises reasonable diligence to secure his availability;

(B) Any period during which the accused is mentally incompetent to stand trial or during which his mental competence to stand trial is being determined, or any period during which the accused is physically incapable of standing trial;

(C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law;

(D) Any period of delay occasioned by the neglect or improper act of the accused;

(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;

(F) Any period of delay necessitated by a removal or change of venue pursuant to law;

(G) Any period during which trial is stayed pursuant to an express statutory requirement, or pursuant to an order of another court competent to issue such order;

(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion;

(I) Any period during which an appeal filed pursuant to section 2945.67 of the Revised Code is pending.

**{¶18}** The indictment was filed in the case at bar on October 22, 2019. On November 20, 2019, McDougald filed a motion for a competency evaluation. [Docket Entry Number 20]. Thus, 29 days between October 22, 2019 and November 20, 2019 are chargeable against the 270-day speedy trial time.

**{¶19}** Upon the filing of a motion for a competency evaluation on November 20, 2019, time is tolled pursuant to R.C. 2945.72(B). "The tolling of R.C. 2945.72(B) continues until the trial court makes a competency determination and does not end where a competency examiner fails to issue a report within the time limits imposed by former R.C. 2945.371(D).[2]" *State v. Palmer,* 84 Ohio St.3d 103, 702 N.E.2d 72(1998), paragraph 2 of the syllabus. By Judgment Entry filed September 2, 2020, McDougald was found to be competent to stand trial. [Docket Entry Number 39].

**{¶20}** On December 3, 2020, the trial court filed a judgment entry sua sponte continuing the trial date due to the COVID-19 emergency. [Docket Entry Number 42]. Trial was rescheduled for February 1, 2021. By Judgment entry filed January 28, 2021, the trial court entered a second sua sponte continuance due to the COVID-19 emergency. [Docket Entry Number 56]. Trial was rescheduled for April 26, 2021.

---

[2] Now R.C. 2945.371(H).

**{¶21}** "When sua sponte granting a continuance under R.C. 2945.72(H), the trial court must enter the order of continuance and the reasons therefor by journal entry prior to the expiration of the time limit prescribed in R.C. 2945.71 for bringing a defendant to trial." *State v. Mincy,* 2 Ohio St.3d 6, 441 N.E.2d 571 (1982).  The Ohio Supreme Court provided guidance for the analysis of sua sponte continuances in  *State v. Lee* 48 Ohio St.2d 208, 209, 357 N.E.2d 1095 (1976):

> The record of the trial court must in some manner affirmatively demonstrate that a sua sponte continuance by the court was reasonable in light of its necessity or purpose.  Mere entries by the trial court will ordinarily not suffice, except when the reasonableness of the continuance cannot be seriously questioned.  Although this burden is contrary to the presumption of regularity generally accorded to trial proceedings, it appears necessary to carry out the purpose of the speedy-trial statutes.

**{¶22}** By Judgment Entry filed December 3, 2020, prior to the expiration of the time limit prescribed in R.C. 2945.71 for bringing McDougald to trial, the trial court journalized an entry setting forth its reasons for the sua sponte continuance:

> This matter comes before the Court upon necessity to continue the Final Pretrial currently scheduled for December 4th, 2020 and the Jury Trial currently scheduled for December 14th, 2020.

> This Court has previously entered a general order, by way of a temporary order, in response to the COVID-19 Coronavirus public health crisis, being case number 20CIH078, dated March 19th, 2020.  Within the past two weeks, Scioto County has experienced its highest number of

positive coronavirus cases thus far, during the pandemic. This Court finds that a continuance of the jury trial is necessary to provide for the health of the parties, jurors, attorneys, and court staff.

* * *

The time for which to bring the Defendant to trial pursuant to Revised Code 2945.71 is hereby tolled pursuant to section 2945.72(H).

*Entry,* filed Dec. 3, 2020. [Docket Entry No. 42]. The jury trial was rescheduled for February 1, 2021. Id. A similar entry was filed by the trial court January 28, 2021. [Docket Entry Number 56]. The jury trial was rescheduled to April 26, 2021. Id.

**{¶23}** On March 27, 2020, the Ohio legislature tolled all statutory time limitations in criminal cases set to expire between March 9, 2020 and July 30, 2020. See 2020 Am. Sub. H.B. 197, Section 22(A)(3),(10),(B),(C) (tolling retroactive to March 9, 2020, which shall last until the sooner of July 30, 2020 or the expiration of the declaration of emergency in the Executive Order 2020-01(D). The emergency declared by the governor lasted longer than the longest end date in the act, thus the expiration date for tolling under the emergency act was July 30, 2020. The emergency act was enacted as "an emergency measure necessary for the immediate preservation of the public peace, health, and safety" to "respond to the declared pandemic and global health emergency related to COVID-19." Id. at Section 40. See also Ohio Constitution, Article II, Section 1d.

**{¶24}** The Ohio Supreme Court has addressed the reasonableness of continuing cases due to the pandemic:

And as all Ohio judges have been advised, trial judges have the authority to continue trials for defendants on a case-by-case basis without

violating speedy-trial requirements.  The Ohio Attorney General has opined that courts may suspend jury trials to prevent the spread of the coronavirus and they may do so consistent with state and federal speedy-trial obligations.  2020 Ohio Atty. Gen. Ops. No. 2020-002.  Specifically, R.C. 2945.72(H) provides that speedy-trial time may be extended by "the period of any reasonable continuance granted other than upon the accused's own motion"; continuing a trial because of a pandemic state of emergency is "reasonable."

*In re Disqualification of Fleegle*, 161 Ohio St.3d 1263, 2020-Ohio-5636, 163 N.E.3d 609 ¶7.

**{¶25}** Even after the tolling period ended, "trial judges have the authority to continue trials for defendants on a case-by-case basis without violating speedy-trial requirements * * * courts may suspend jury trials to prevent the spread of the coronavirus and they may do so consistent with state and federal speedy-trial obligations."  *State v. Morant*, 7th Dist. Belmont No. 20 BE 0020, 2021-Ohio-3160, ¶25, *citing Fleegle, supra*, 161 Ohio St.3d 1263, 2020 -Ohio- 5636, 163 N.E.3d 609 at ¶7; 2020 Ohio Atty.Gen.Ops. No. 2020-002; Ohio Supreme Court Coronavirus Resources.  *See also*, *State v. Dixon*, 4th Dist. Scioto No. 21CA8, 2022-Ohio-2807, ¶64.

**{¶26}**  We find the trial court's December 3, 2020 Judgment Entry and January 28, 2021 Judgment Entry were reasonable in purpose and length, consistent with constitutional standards, and consequently tolled the time to bring McDougald to trial between December 3, 2020 to February 1, 2021 the rescheduled trial date, and between January 28, 2021 to April 26, 2021 the rescheduled trial date.

**{¶27}** On January 22, 2021, McDougald filed a motion for relief from prejudicial joinder. [Docket Entry number 48]. Thus, time was tolled pursuant to R.C. 2945.72(E).

**{¶28}** On April 22, 2021, the state filed a motion to continue on the basis that Trooper Sherri Wells of the Ohio State Highway Patrol was not available to testify on the scheduled trial date of April 26, 2021. [Docket Entry Number 62]. The trial court granted the motion and rescheduled the trial date to July 19, 2021. *Entry,* filed Apr. 29, 2021. [Docket Entry Number 64]. In the entry, the trial court specifically tolled time pursuant to R.C. 2945.72(H). Id.

**{¶29}** On May 10, 2021, McDougald filed pro se an affidavit of disqualification with the Ohio Supreme Court. [Docket Number 69]. The Ohio Supreme Court denied the motion for disqualification by entry filed June 1, 2021. [Docket Entry Number 73]. Thus, time was tolled from May 10, 2021 to June 1, 2021 pursuant to R.C. 2945.72(E) and (G).

**{¶30}** By Judgment Entry filed July 12, 2021, the trial court denied McDougald's motion for relief from prejudicial joinder. [Docket Entry No. 79].

**{¶31}** McDougald's jury trial commenced on July 19, 2021.

**{¶32}** In the case at bar, several tolling events overlapped. Thus, the time to bring McDougald to trial is calculated as follows,

> 10-22-2019 [Indictment] to 11-20-2019 [Motion for Competency/sanity evaluation] = **28 days** [First day excluded];

> 11-20-2019 to 09.02.2020 [Judgment Entry finding McDougald competent] = **287 days tolled;**

> 09.02.2020 to 12-03-2020 [Judgment Entry continuing trial to February 1, 2021 due to COVID-19 emergency] = **92 days**

12-03-2020 to 1-22-2021[Motion for relief from prejudicial joinder] = **50 days tolled**

1-22-2021 to 1-28-2021 [Judgment Entry continuing trial to Apr 26, 2021 due to COVID-19 emergency = **6 days tolled;**

1-28-2021 to 04.26.2021 [re-scheduled trial date] = **94 days tolled;**

04-26-2021 to 04-29-2021 [judgment entry granting state's continuance] =**3 days**

04-29-2021 to 05.10.2021 [pro se affidavit to disqualify filed in Supreme Court] = **11 days tolled;**

05-10-2021 to 06-01-2021[Denial of disqualification by Supreme Court] = **22 days tolled;**

04-29-2021 [Judgment Entry granting continuance to July 19, 2021 trial date] to July 19, 2021 [commencement of trial] = **81 days tolled.**

**{¶33}** Accordingly, only 123 days of the 270-day speedy trial time expired in the case at bar[3]. Therefore, McDougald's statutory right to a speedy trial pursuant to R.C. 2945.71 was not violated.

**{¶34}** "Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). Generally, a delay that approaches one year is presumptively prejudicial. *Doggett v. United States*, 505 U.S. 647, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992), fn.1. The length of the delay in this case was less than one year. In addition, McDougald was incarcerated on charges unrelated to those in the

[3]28 days + 92 days + 3 days= 123 days.

case at bar. He has failed to articulate any prejudice related to the delay. We find McDougald was brought to trial within a reasonable period consistent with constitutional standards.

**{¶35}** Accordingly, McDougald's federal and state constitutional right to a speedy trial was not violated.

**{¶36}** McDougald's First Assignment of Error is overruled.

II.

**{¶37}** In his Second Assignment of Error, McDougald contends that his trial counsel was ineffective for failing to move the court for DNA testing of the clothing in question.

### Standard of Review

**{¶38}** "To prevail on a Sixth Amendment claim alleging ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that his counsel's deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 694 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To show deficiency, a defendant must show that "counsel's representation fell below an objective standard of reasonableness." Id., at 688, 104 S.Ct. 2052. In addition, to establish prejudice, a defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S.Ct. 2052. *Andtus v. Texas,* 590 U.S. __, 140 S.Ct. 1875, 1881, 207 L.Ed.2d 335 (June 15, 2020).

**Issue for Appellate Review**: *Whether there is a reasonable probability that, but for counsel's failure to request DNA testing of the clothing, the result of the proceedings would have been different*

**{¶39}** In addition to the shirt, pants, and testimony of correction officer Englehardt, the state presented the video surveillance tape of the incident, and the eyewitness testimony of Nurse Laura Hart. The jury was apprised that no DNA evidence linked McDougald to the crime.

**{¶40}** A defendant has no constitutional right to determine trial tactics and strategy of counsel. *State v. Cowans*, 87 Ohio St.3d 68, 72, 717 N.E.2d 298(1999); *State v. Conway,* 108 Ohio St.3d 214, 2006-Ohio-791, 842 N.E.2d 996, ¶150; *State v. Donkers,* 170 Ohio App.3d 509, 867 N.E.2d 903, 2007-Ohio-1557, ¶83(11th Dist.). Rather, decisions about viable defenses are the exclusive domain of defense counsel after consulting with the defendant. Id. When there is no demonstration that counsel failed to research the facts or the law or that counsel was ignorant of a crucial defense, a reviewing court defers to counsel's judgment in the matter. *State v. Clayton*, 62 Ohio St.2d 45, 49, 402 N.E.2d 1189(1980), *citing People v. Miller*, 7 Cal.3d 562, 573-574, 102 Cal.Rptr. 841, 498 P.2d 1089(1972); *State v. Wiley*, 10th Dist. No. 03AP-340, 2004- Ohio-1008, ¶21.

**{¶41}** Debatable strategic and tactical decisions may not form the basis of a claim for ineffective assistance of counsel. *State v. Phillips*, 74 Ohio St.3d 72, 85, 1995–Ohio–171, 656 N.E.2d 643; *State v. Hoffner*, 102 Ohio St.3d 358, 365, 811 N.E.2d 48, 2004-Ohio-3430, ¶45. Even if the wisdom of an approach is questionable, "debatable trial tactics" do not constitute ineffective assistance of counsel. Id. "In Denno, defense counsel advised his client to confess, and the court, at pages 373, 374, stated: 'Hindsight, of course, tells us that the advice to confess ill served the defendant * * *,' and that '(p)oor tactics of experienced counsel, however, even with disastrous result, may hardly be considered lack of due process * * *.'" *State v. Clayton*, 62 Ohio St.2d 45, 48, 402 N.E.2d

1189 (1980)(*quoting United States v. Denno,* 313 F.2d 364 (2nd Cir.1963), *certiorari denied* 372 U.S. 978, 83 S.Ct. 1112, 10 L.Ed.2d 143.

**{¶42}** Trial counsel's failure to request an expert is a "debatable trial tactic," and does not amount to ineffective assistance of counsel. *See State v. Thompson*, 33 Ohio St.3d 1, 9, 514 N.E.2d 407 (1987)(trial counsel's failure to obtain a forensic pathologist to "rebut" issue of rape was not ineffective assistance of counsel); *State v. Foust*, 105 Ohio St.3d 137, 153-154, 823 N.E.2d 836, 2004-Ohio-7006, ¶ 97-99 (trial counsel's failure to request funds for a DNA expert, an alcohol and substance-abuse expert, a fingerprint expert, and an arson expert did not amount to ineffective assistance of counsel because appellant's need for experts was "highly speculative" and counsel's choice "to rely on cross-examination" of prosecution's expert was a "legitimate tactical decision"); *State v. Yarger*, 6th Dist. Huron No. H–97–014, 1998 WL 230648 (May 1, 1998) (trial counsel's failure to hire an expert medical doctor to rebut state's expert witness was not ineffective assistance of trial counsel); *State v. Rutter*, 4th Dist. Hocking No. 02CA17, 2003–Ohio–373, ¶ 19, 28 (trial counsel's failure to hire an accident reconstructionist did not amount to ineffective assistance of counsel).

**{¶43}** In the case at bar, counsel clearly made a decision not to request the testing of the clothing for DNA, choosing instead to rely on his cross-examination of the state's expert. If the clothing had been tested and DNA evidence was found to be unrecoverable, it would not strengthen his innocence claim. If McDougald's DNA was identified as having been recovered from the clothing, it would be some evidence to support his guilt.

**{¶44}** Counsel highlighted the lack of DNA evidence and the state's failure to request it during his cross-examination and closing arguments.

{¶45} pon review, we are unpersuaded that McDougald suffered demonstrable prejudice because of the failure of trial counsel to request DNA analysis of the clothing. The state presented video evidence and eyewitness evidence in support of its case. The jury was not persuaded by the lack of DNA evidence linking McDougald to the crime.

{¶46} Accordingly, we find trial counsel's failure to request DNA analysis of the clothing did not rise to a level that adversely affected McDougald's substantial rights and did not deprive him of a fair trial.

{¶47} McDougald's Second Assignment of Error is overruled.

{¶48} The judgment of the Scioto County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Wise, John, J., concur

Sitting by Assignment by the Ohio Supreme Court

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
WSG:clw 0824                                HON. JOHN W. WISE

[Cite as *State v. McDougald*, 2022-Ohio-3191.]

IN THE COURT OF APPEALS FOR SCIOTO COUNTY, OHIO

FOURTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| JEROME MCDOUGALD AKA | : | |
| JERONE MCDOUGALD | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 21-CA-3961 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Scioto Court of Common Pleas is affirmed.  Costs to appellant.

Sitting by Assignment by the Ohio Supreme Court

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. JOHN W. WISE