THE STATE OF OHIO, APPELLEE, *v.* ADKINS, APPELLANT.

(No. 17-81-11—Decided January 25, 1982.)

*Mr. Michael F. Boller,* prosecuting attorney, for appellee.

*Mr. J. Robert Radabaugh,* for appellant.

COLE, P.J. This is an appeal by the defendant-appellant of a judgment of conviction and sentence by the Court of Common Pleas of Shelby County for the offense of aggravated robbery. The appeal is limited to a consideration of a single issue presented by appellant's assignment of error, *i.e.,* that the trial court erred in failing to discharge him, on motion, for want of a speedy trial pursuant to the provisions of R.C. 2945.71 to 2945.73, inclusive.

The defendant was arrested in Kentucky on August 7, 1980 and trial was set for February 2, 1981. Although trial was not then held, it may be concluded that any delay after January 30, 1981 was attributable to the defendant who sought that day, from the court, new counsel and waived his right to a speedy trial prospectively. As we then see the broad issue the question is whether or not the statutory requirements had already been violated by January 30, 1981.

Generally the state has two hundred seventy days to bring a defendant to trial after his arrest. From August 7, 1980 to January 30, 1981 is one hundred seventy-six days so this requirement would be clearly met except for the application of a three-for-one provision contained in R.C. 2945.71(E) which reads as follows:

"For purposes of computing time under divisions (A), (B), (C), and (D) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days."

In the present case the defendant was in and out of custody several times and also was for a substantial period held awaiting trial *also* in Miami County where, during the period he was in fact, tried and served his sentence on a misdemeanor charge brought in the Piqua Municipal Court (Miami County) for aggravated menacing. It therefore becomes necessary to analyze the applicability of this three-for-one provision as it is concerned in the several stages presented by the facts.

1. In the beginning we are faced with the question as to when the defendant was in fact arrested. The record clearly indicates that the defendant was first arrested in Ohio on August 10, 1980, the complaint having been filed on August 7, 1980. He was arrested in Kentucky on a fugitive from justice warrant issued by a court of that state on August 7, and waived extradition on August 8, being transported to Ohio and there arrested on the complaint on August 10, as noted. Until the defendant was in Ohio, arrested under an Ohio charge and held by the authority of this state, it is our opinion the speedy trial requirement of the statute for arrest had not come into effect. Prior restraint was effected by Kentucky and was governed as to duration by the laws of that state. The statute makes provision for excluding periods related to extradition and we believe this falls within that exclusion if arrest be deemed to date from the earlier date. This would include time getting the defendant into Ohio even though a waiver of formal extradition was made by the defendant. In our opinion, time under the statute began to run on August 10, when the arrest was made in Ohio on the Ohio charge.

2. A question is raised as to the mode of counting. This is governed by Crim. R. 45 as well as by R.C. 1.14 which governs the time within which an act shall be done. Here the act to be done is the trial. The first day, under the rule, is excluded and the last day is included. Thus that portion of the day of the actual arrest in which the defendant is incarcerated is excluded but the date of trial is included in counting the statutory period. Thus August 10, 1980, is excluded and the counting begins with August 11, 1980. On August 13, 1980 the defendant posted bail and was released. Therefore he is entitled

to three days for the 11th, 12th and the last day, the 13th. Three days under the statute results in nine days credit.

3. The defendant remained out on bail until he was again arrested on October 25, 1981. At that time, however, he was arrested on a bench warrant issued by the Piqua Municipal Court. Thereafter the defendant was held pending trial on *both* charges. At no point does it appear he was again released on bail on *either* charge. Under the statute the three-for-one credit is only applicable to jail time attributable to the *pending* charge. When the defendant is held in lieu of bail on more than one charge it cannot be said he is being held in lieu of bail on one charge. The restraint is equally applicable to the other charge or charges. *State* v. *MacDonald* (1976), 48 Ohio St. 2d 66 [2 O.O.3d 219]; *State* v. *Kaiser* (1978), 56 Ohio St. 2d 29 [10 O.O.3d 75].

Thus here the defendant was in fact returned to custody by virtue of the Miami County charge and his jail time from that moment until December 17th must be attributed to that charge. During this period he was returned to Shelby County. It is clear from the transcript that the defendant was released by the Piqua Municipal Court to the sole custody of the Shelby County Court on December 17, 1980.

None of this time is therefore subject to the triple count provision and from August 13, 1980 to December 17, 1980 the single count applies. This amounts then to one hundred twenty-six days.

Thus on December 17, 1980 a total of one hundred thirty-five days of the permitted two hundred seventy days had expired.

4. It is unquestioned that from December 17, 1980 until January 30, 1981 the defendant was held by the Shelby County authorities on the pending charge. An issue is raised as to this period, however, pertaining to a holder on a Kentucky warrant in the hands of the Shelby County Sheriff, an issue we will later discuss. Here, however, with this caveat, the defendant was incarcerated forty-four days subject to a triple count. This would exhaust a further one hundred thirty-two days. Adding this to the one hundred thirty-five previously set forth, we have two hundred sixty-seven days. Since the defendant waived any speedy trial claim beyond January 30, 1981 he was not entitled to release.

Concluding as we do that on the basis of the foregoing discussion, the trial court properly overruled the motion for dismissal, it became unnecessary to deal with the issues pertaining to avoidance of service of the indictment and the effect of a "holder" or detainer from Kentucky.

The assignment of error is not well taken.

*Judgment affirmed.*

MILLER and GUERNSEY, JJ., concur.