[Cite as *State v. Phillips*, 2016-Ohio-689.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102364**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## PHILLIP REED

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-14-585352-B, CR-14-586038-A, and CR-14-587733-B

**BEFORE:**   Celebrezze, J., E.A. Gallagher, P.J., and Boyle, J.

**RELEASED AND JOURNALIZED:**   February 25, 2016

**ATTORNEY FOR APPELLANT**

Carmen P. Naso
Milton A. Kramer Law Clinic
11075 East Boulevard
Cleveland, Ohio 44106


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Kelly N. Mason
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., J.:

{¶1} Appellant, Phillip Reed, brings the instant appeal challenging the pleas he entered in three cases. He claims the trial court failed to comply with Crim.R. 11 when the court did not ensure that appellant understood the nature of the pleas and failed to inquire about his mental state when engaging him in a plea colloquy. After a thorough review of the record and law, this court affirms.

## I. Factual and Procedural History

{¶2} Appellant, along with another, engaged in a series of thefts that occurred between June 12, 2013, and March 27, 2014. Appellant was indicted in three separate cases. In Cuyahoga C.P. No. CR-14-585352-B, appellant was charged with eight counts related to theft from a U-Haul location. In Cuyahoga C.P. No. CR-14-586038-A, appellant was charged with three counts related to theft from New Creation Builders, L.L.C. In Cuyahoga C.P. No. CR-14-587733-B, appellant was charged with eight counts related to theft from a Baker's Square location. According to the state's description, appellant and another stole U-Haul trucks and used them to transport metal items stolen from other businesses and then returned the trucks before anyone realized they were missing. Appellant also used fraudulent checks to pay New Creation Builders for the construction of a residential garage.

{¶3} On September 23, 2014, appellant agreed to change his pleas to guilty in accordance with a plea agreement offered by the state. In C.P. No. CR-14-585352-B, appellant pled guilty to three counts of grand theft, violations of R.C. 2913.02(A)(1), and

one count of vandalism, a violation of R.C. 2909.05(B)(1). The remaining counts were dismissed pursuant to the agreement. In C.P. No. CR-14-586038-A, appellant pled guilty to two counts of forgery, violations of R.C. 2913.31(A)(3), and the remaining count was dismissed. Finally, in C.P. No CR-14-587733-B, appellant pled guilty to one count of breaking and entering, a violation of R.C. 2911.13(B), and one count of receiving stolen property, a violation of R.C. 2913.51(A). The court then ordered a presentence investigation report and set the matter for sentencing.

{¶4} On October 29, 2014, the court held a combined sentencing hearing. The court went through appellant's significant criminal history and heard from the state, appellant's counsel, and appellant. The court imposed a total prison sentence of 36 months.

{¶5} Appellant sought and was granted leave by this court to file a delayed appeal. Herein, he assigns one error for review:

> I. The trial court failed to substantially comply with Criminal Rule 11 when it accepted Appellant Phillip Reed's guilty plea to the amended charges in Case Nos. CR-14-585352, CR-14-586038, and CR-14-587733.

## II. Law and Analysis

### A. Knowing, Intelligent, and Voluntary Plea

{¶6} Appellant claims the court failed to ensure that appellant's pleas were made knowingly and intelligently because he misunderstood the consequences of his guilty pleas when he asserted during the plea colloquy that he would receive probation or be

placed in a community-based correctional facility. Appellant also asserts that the court failed to engage appellant in questions surrounding his mental health after the court was informed that appellant had a serious mental health diagnosis and was prevented from taking prescribed medications.

{¶7} The process of accepting pleas of no contest and guilty is governed by Crim.R. 11. Crim.R. 11© provides the trial court with certain requirements that must be met before it may accept such pleas. "The underlying purpose, from the defendant's perspective, of Crim.R. 11© is to convey to the defendant certain information so that he can make a voluntary and intelligent decision whether to plead guilty." *State v. Ballard*, 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115 (1981). The trial court must engage the criminal defendant in an oral colloquy to ensure a knowingly, voluntarily, and intelligently plea is entered. *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996).

{¶8} A trial court must strictly comply with the requirements related to the waiver of constitutional rights under Crim.R. 11(C)(2)©. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 18. For these constitutional rights, a plea is only voluntary, intelligent, and knowing if the trial court engaged in meaningful dialogue with the defendant which, in substance, explained the pertinent constitutional rights "in a manner reasonably intelligible to that defendant." *Id.* at ¶ 27, citing *Ballard*.

{¶9} For nonconstitutional rights set forth in Crim.R. 11(C)(2)(a) and (b), this court determines whether there was "substantial compliance" with the rule. *Veney* at ¶

14-17. "Substantial compliance" means that under the totality of the circumstances the defendant subjectively understands the implications of his or her plea and the rights he or she is waiving. *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "[I]f it appears from the record that the defendant appreciated the effect of his plea and his waiver of rights in spite of the trial court's error, there is still substantial compliance." *State v. Caplinger*, 105 Ohio App.3d 567, 572, 664 N.E.2d 959 (4th Dist.1995). Further, a defendant must show prejudice before a plea will be vacated for a trial court's error involving Crim.R. 11© procedure when nonconstitutional aspects of the plea colloquy are at issue. *Veney* at ¶ 17.

{¶10} Crim.R. 11(C)(2)(a) requires the court to determine that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved. Therefore, a trial court must substantially comply with this requirement.

{¶11} In response to a question posed by the court about any promises regarding possible sentences, appellant explained that it was his understanding that if he pled guilty that he would receive either probation or placement in a community-based correctional facility. Trial counsel then explained, "I never indicated to you what the Court would do. I indicated possible probation, possible prison and there is CBCF available. But did I ever indicate to you at any time what the Judge would do or make any promise what the Judge would do?" Appellant responded, "No."

{¶12} This dispels any notion that appellant was promised community control if he pled guilty. On the record, appellant's attorney clarified appellant's understanding of the attorney's explanation of possible sentencing ranges. Appellant claims the court should be the one that inquires and explains. But here, there is sufficient evidence in the record that the court substantially complied with Crim.R. 11 to ensure that no promises were made or coercion employed to extract a guilty plea from appellant, and that his plea was knowingly, intelligently, and voluntarily given with a full understanding of his rights and the potential penalties he faced. Further, the trial court appropriately explained the possible range of penalties to appellant for each of the charges he faced. Appellant indicated he understood those possible penalties.

{¶13} Next, appellant argues that the court was required to inquire further into appellant's mental state during the plea colloquy.

{¶14} A criminal defendant is presumed competent to stand trial, and by extension, enter a plea. R.C. 2945.37(G); *State v. Tong*, 8th Dist. Cuyahoga No. 64903, 1994 Ohio App. LEXIS 894 (Mar. 10, 1994) (holding the standards used to evaluate each are the same). Further, R.C. 2945.37(B) requires a hearing when competency issues are raised prior to trial.

{¶15} Appellant's attorney never indicated his client was not competent to enter a plea. Counsel stated appellant had been diagnosed with "ADHD and bipolar" disorder for which he was prescribed medication. Counsel further informed the court that

appellant was unable to take his prescribed medication for a prolonged period of time due to his incarceration awaiting trial.

{¶16} Apart from this statement, the record does not contain any indication that would lead the trial court to question appellant's ability to enter a knowing, intelligent, and voluntary plea. The trial court personally addressed appellant and asked him several questions in compliance with Crim.R. 11. Appellant's responses were appropriate answers to the questions posed. Appellant also indicated he understood the things said by the court.

{¶17} R.C. 2945.37(F) provides,

> The court shall not find a defendant incompetent to stand trial solely because the defendant is receiving or has received treatment as a voluntary or involuntary mentally ill patient * * * or because the defendant is receiving or has received psychotropic drugs or other medication, even if the defendant might become incompetent to stand trial without the drugs or medication.

{¶18} Appellant is presumed competent to enter a plea, and the record in this case does not contain any indication that appellant did not comprehend the colloquy that the court conducted. The record indicates that the trial court fully informed appellant of his constitutional rights and made sure appellant was making a knowing waiver of those rights. This case stands in stark contrast to others where a defendant's ability to enter a

knowing and intelligent plea has been questioned. For example, the Sixth District was faced with a case where issues of competency were observed by the trial court:

> Thus, even with the repetitive coaxing and questioning, appellant was unable to sufficiently focus on and comprehend the nature and objectives of the proceedings. Many of appellant's answers were non-responsive, indicating that she clearly did not understand that under a no contest plea, she would likely be found guilty, or even why she had been charged with the offense.
> Even the court itself expressed that it had difficulty discerning whether appellant's inability to comprehend was due to lack of education or mental health issues. Nothing in the record indicates that appellant was "faking it," nor did the trial court make such a finding. Instead, we conclude that appellant's ability to understand or to become "educated" as to the legal issues involved was inextricably intertwined with her mental health and medication issues. Consequently, we conclude that the record shows that, due to her mental illness and somewhat limited cognitive abilities, appellant was unable to fully participate in her defense or to appreciate the ramifications of the no contest plea and subsequent conditions of sentencing.

*State v. Nickell*, 6th Dist. Wood No. WD-07-015, 2008-Ohio-1571, ¶ 117-118.

{¶19} Where the record contained no similar evidence of bewilderment, confusion, or an inability to understand the proceedings, the Second District found guilty pleas validly entered. *State v. Smith*, 2d Dist. Montgomery Nos. 24264 and 24265, 2011-Ohio-3288, ¶ 82, 86. Similar to *Smith*, there is no indication in the record before this court that appellant did not understand the plea colloquy.

{¶20} During the plea colloquy appellant gave appropriate responses to questions posed by the trial court and it does not otherwise appear that he was unable to understand the proceedings and intelligently enter a guilty plea. *See State v. Jones*, 1st Dist.

Hamilton No. C-050112, 2006-Ohio-2339 ¶ 12-15; *State v. Smith*, 4th Dist. Washington No. 12CA11, 2013-Ohio-232, ¶ 16.

**{¶21}** While the court's colloquy could have been more thorough regarding appellant's present mental condition, the record is devoid of any indication that appellant did not understand the plea colloquy and the rights he was giving up, and knowingly entered guilty pleas in this case.

### III. Conclusion

**{¶22}** Appellant's pleas were entered knowingly, intelligently, and voluntarily where the court properly explained appellant's constitutional and nonconstitutional rights, and there is no indication on the record that appellant's present mental condition meant he did not understand any portion of the colloquy.

**{¶23}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

FRANK D. CELEBREZZE, JR., JUDGE

EILEEN A. GALLAGHER, P.J., and
MARY J. BOYLE, J., CONCUR