[Cite as *State v. Harvey*, 2018-Ohio-2777.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

NORMAN HARVEY,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 17 MA 0023**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 16 CR 938

**BEFORE:**
Cheryl L. Waite, Gene Donofrio, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Paul J. Gains*, Mahoning County Prosecutor and
*Atty. Ralph M. Rivera*, Assistant Prosecuting Attorney
21 West Boardman Street, 6th Floor, Youngstown, Ohio  44503, for Plaintiff-Appellee

*Atty. Katherine E. Rudzik*, 26 Market Street, Suite 904, Youngstown, Ohio  44503, for
Defendant-Appellant.

Dated:  June 29, 2018

---

**WAITE, J.**

**{¶1}** Appellant Norman Harvey appeals the denial of his motion to dismiss based on an alleged statutory speedy trial violation by the Mahoning County Court of Common Pleas. Appellant was indicted on one count of burglary in violation of R.C. 2911.12(A), (D), a felony of the second degree, with a repeat offender specification pursuant to R.C. 2941.149. He ultimately entered a no contest plea and was convicted on the amended charge of burglary in violation of R.C. 2911.12(A)(3), (D), a felony of the third degree. The trial court imposed an agreed term of two years of imprisonment. This timely appeal followed.

**{¶2}** Appellant contends that the trial court erred in concluding that the state did not engage in unreasonable delay during the extradition process. For the following reasons, the judgment of the trial court is affirmed.

Law

**{¶3}** The Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution guarantee a criminal defendant the right to a speedy trial. This guarantee is implemented in R.C. 2945.71, which provides the specific time limits within which a person must be brought to trial. *State v. Blackburn*, 118 Ohio St.3d 163, 2008-Ohio-1823, 887 N.E.2d 319, ¶ 10.

**{¶4}** A defendant charged with a felony must be brought to trial within 270 days of his or her arrest. R.C. 2945.71(C)(2). However, "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." R.C. 2945.71(E). This is referred to as the triple count provision. *State v. Wright*, 7th Dist. No. 15 MA 0092, 2017-Ohio-1211, ¶ 29, appeal not allowed, 150 Ohio St.3d 1433, 2017-Ohio-7567, 81 N.E.3d 1272, ¶ 29.

**{¶5}** The trial time tolling provisions are set forth in R.C. 2945.72. Relevant to this appeal, speedy trial is tolled for any time "during which the accused is unavailable for hearing or trial * * * by reason of his confinement in another state, or by reason of the pendency of extradition proceedings, provided that the prosecution exercises reasonable diligence to secure his availability." R.C. 2945.72(A). Where the prosecution did not unreasonably delay extradition, arrest in another state on an Ohio warrant and confinement awaiting extradition does not count toward the speedy trial clock and the time is tolled until the defendant arrives in Ohio. *State v. Helms*, 7th Dist. No. 14 MA 96, 2015-Ohio-1708, ¶ 24.

**{¶6}** When the defendant moves for discharge on speedy trial grounds and demonstrates that the state did not bring him to trial within the time limits set forth in the relevant statutes, the defendant has made a *prima facie* case for discharge under R.C. 2945.73(B). *State v. Butcher*, 27 Ohio St.3d 28, 30-31, 500 N.E.2d 1368 (1986). The state then bears the burden of proving that actions or events chargeable to the accused pursuant to R.C. 2945.72 sufficiently extended the time it had in which to bring the defendant to trial. *Id.*

**{¶7}** Review of a trial court's decision regarding a motion to dismiss based on statutory speedy trial grounds involves a mixed question of law and fact. Deference is given to the trial court's findings of fact, but an appellate court independently reviews whether the trial court properly applied the law to the facts of the case. When reviewing the legal issues in a statutory speedy trial case, the statutes are strictly construed against the state. *State v. Fant*, 2016-Ohio-7429, 76 N.E.3d 518, ¶ 35 (7th Dist.).

Facts

**{¶8}** Three witnesses testified at the hearing on the motion to dismiss on November 9, 2016: David Sedon, an officer with the Pennsylvania Board of Parole and Probation; Glen Riddle, a Detective/Sergeant with the Boardman Police Department ("BPD"); and Appellant. The following facts are taken from the testimony and exhibits offered at the hearing, as well as exhibits attached to the motion to dismiss.

**{¶9}** Appellant broke into and robbed Cirelli Jewelers in Boardman, Ohio on August 18, 2015. He was shot in the hand as he fled by the owner, who lived in a residential space attached to the store. Appellant dropped all of the jewelry he had stolen in the parking lot of the jewelry store while making his escape. Appellant sought medical treatment for his gunshot wound at Beaver Medical Center in Beaver, Pennsylvania the following day.

**{¶10}** Appellant was arrested on August 25, 2015 in Pennsylvania pursuant to a warrant issued by the Pennsylvania Board of Probation and Parole ("PBPP"), for a parole/probation violation. This violation was based on two detainers issued by the Mahoning County Court. (11/9/16 Hrg. Tr., pp. 20-21, State's Exh. E.) Appellant concedes that Pennsylvania had independent grounds to detain him from August 25, 2015 to May 31, 2016.

**{¶11}** On June 17, 2016, an extradition case was opened by the Centre County Prosecutor's Office in Pennsylvania. On June 21, 2016, the Centre County Prosecutor filed a criminal complaint charging Appellant with being a fugitive from justice, also known as an arrest prior to requisition, and sought Appellant's transfer from a Benner Township, Pennsylvania facility to the Centre County Jail.

Case No. 17 MA 0023

**{¶12}** A motion to quash, which was ultimately denied, was filed on behalf of Appellant on June 21, 2016. On June 22, 2016, Appellant posted bond on the arrest prior to requisition and was released from jail. (11/9/16 Hrg. Tr., p. 103.) Appellant testified that an extradition hearing was held on June 29, 2016, but that the matter was continued because no application for requisition appeared to have been filed by Mahoning County. (11/9/16 Hrg. Tr., p. 101.)

**{¶13}** The application for requisition from Mahoning County, or Governor's warrant, was dated June 28, 2016. Appellant was re-arrested on July 21, 2016 and detained in the Centre County Jail. The extradition hearing resumed on July 26, 2016, and the extradition order was filed on July 27, 2016. Appellant filed a writ of habeas corpus on August 4, 2016 challenging the extradition order, which was denied on August 5, 2016. Appellant was taken to the Mahoning County Justice Center on August 15, 2016.

**{¶14}** In order to establish that the state exercised reasonable diligence in its efforts to extradite Appellant, Riddle testified that the Boardman warrant was entered into the National Crime Information Center ("NCIC"), a national database for law enforcement. This meant the warrant was accessible to law enforcement agencies in Pennsylvania. He testified that he communicated to law enforcement in Pennsylvania that he wanted to remove Appellant to Ohio "as soon as possible." (11/9/16 Hrg. Tr., p. 66.) According to Riddle, either he or someone at his direction contacted law enforcement in Pennsylvania at least once a week to determine Appellant's status and a release or pickup date. (11/9/16 Hrg. Tr., p. 67.)

{¶15} Several documents were offered into evidence to establish BPD's ongoing efforts to retrieve Appellant from Pennsylvania at the earliest availability: Inmate locator results from the internet confirming Appellant's location in Benner Township on January 19, 2016 (State's Exh. P); a facsimile cover sheet dated January 20, 2016 requesting Appellant's continued detention based upon BPD's charges of felony one aggravated burglary and misdemeanor theft (State's Exh. N); a NCIC printout dated January 22, 2016 wherein BPD confirms the outstanding warrant and requests notification when Appellant is "ready for pickup" (State's Exh. O); an application for requisition dated June 28, 2016 submitted to the Governor of Pennsylvania seeking Appellant's extradition to Boardman, Ohio by Nicholas E. Modarelli, Chief Assistant Prosecutor for Mahoning County, on August 15, 2016 (the amended complaint for aggravated burglary dated August 18, 2015 is attached) (State's Exh. S); a NCIC printout dated July 21, 2016 wherein the Beaver County Sheriff's Office seeks information regarding the status of the Boardman warrant and information regarding extradition (State's Exh. Q); and a NCIC printout dated July 21, 2016 wherein BPD confirms that the warrant is outstanding and BPD intends to extradite (State's Exh. R).

{¶16} Riddle testified that the first notice he received regarding Appellant's availability for extradition was by electronic mail sent by Jessica Lathrop, an assistant district attorney for Centre County, to Modarelli on August 15, 2016. This reads, in pertinent part, "[a]fter a very drawn-out process our President Judge has finally denied [Appellant's] Petition for Writ of Habeas Corpus and he should be ready for extradition." (Emphasis in original.) (State's Exh. I.) A second email in the chain, dated August 15, 2016 from Lisa Beam in the Mahoning County Sheriff's Office to Riddle instructs him to

collect Appellant and deliver him to the Mahoning County Justice Center. Riddle and his partner drove to Centre County that same day and removed Appellant to the Mahoning County Justice Center.

**{¶17}** The trial court relied on the evidence offered at the hearing on the motion to dismiss to conclude that the state exercised reasonable diligence in its efforts to extradite Appellant to Ohio. Hence, the trial court held that the speedy trial clock began to run on August 16, 2016, the day after Appellant was detained in the Mahoning County Justice Center. (11/28/16 J.E., pp. 1-2.)

Analysis

ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT VIOLATED MR. HARVEY'S RIGHT TO A SPEEDY TRIAL IN VIOATION [SIC] OF HIS RIGHTS UNDER THE 6TH AND 14TH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE 1, SECTION 10 OF THE OHIO CONSTITUTION.

ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT COMMITTED REVERSERABLE [SIC] ERROR BY DENYING MR. HARVEY'S MOTION TO DISMISS THEREBY VIOLATING HIS STATURTORY [SIC] RIGHT TO A SPEED TRIAL UNDER ORC 2945.71 AND 2941.401.

**{¶18}** Appellant was transferred to the Mahoning County Justice Center on August 15, 2016, and was indicted on that same day. While he was represented by counsel, he filed *pro se* motions on September 14, 2016 seeking a writ of habeas

corpus and to suppress evidence, which he voluntarily withdrew on September 22, 2016. Appellant filed the motion to dismiss at issue in this appeal on October 3, 2016.

{¶19} Appellant argues that the following calculation demonstrates a statutory speedy trial violation in this case:

May 31, 2016 – issuance of PBPP order rescinding detention order
to
June 17, 2016 – filing of the extradition proceeding

|  |  |
|---|---|
| 17 days x3 | 51 days |

July 21, 2016 – re-arrest for extradition hearing
to
August 15, 2016 – extradition to Ohio

|  |  |
|---|---|
| 25 days x3 | 75 days |

August 15, 2016 – transfer to Mahoning County jail
to
October 3, 2016 – motion to dismiss filed

|  |  |
|---|---|
| 49 days x3 | 147 days |

October 3, 2016 – motion to dismiss filed
to
October 13, 2016 – additional motions filed by Appellant

|  |  |
|---|---|
| 11 days x3 | 33 days |

October 13, 2016 – additional motions filed by Appellant
to
October 17, 2016 – the only thing filed on October 17, 2016 was return of subpoenas

|  |  |
|---|---|
| 4 days x3 | 12 days |
| Total | 315 days |

{¶20} We note that the time between May 31, 2016 and June 17, 2016 is attributable to Pennsylvania, not Ohio. Pennsylvania was responsible for the commencement of the extradition proceedings, which occurred just over two weeks after Appellant was released from PBPP custody. However, even if the speedy clock was not tolled for this time period, Appellant still cannot demonstrate a speedy trial violation.

{¶21} Simply stated, but for the failure to file the Governor's warrant for the purpose of the June 26, 2016 hearing, a defect that was remedied within a few days, there is no evidence of record that the state engaged in any delay in extraditing Appellant to Ohio. Accordingly, assuming that the speedy trial clock began running on June 1, 2016 (the day after Appellant was released from PBPP custody), it was suspended on June 17, 2016 and did not resume until August 16, 2016 because of the ongoing extradition proceedings. R.C. 2945.72(A).

{¶22} In his speedy trial calculation, Appellant's next mistake lies in his failure to stop the clock for his *pro se* motions filed on September 14, 2016 and withdrawn on September 22, 2016. Although short-lived, any motion by the accused tolls the running of the clock. Tolling of the time within which an accused must be brought to trial includes any period of delay necessitated by reason of motion, proceeding, or action made or instituted by the accused. R.C. 2945.72(E).

{¶23} Appellant's third mistake is based on his assumption that filing of his motion to dismiss based on alleged speedy trial violations does not toll the running of the clock. His motion was filed on October 3, 2016 and was not resolved until November 29, 2016. In the meantime, on November 11, 2016, Appellant filed a motion to continue his trial, and the trial was first continued to January 17, 2017, and then to January 30, 2017. Prior to this time, a motion to suppress was filed on December 13, 2016, and the trial date was converted to a hearing on the motion to suppress. Before this date arrived, on January 27, 2017 Appellant entered his guilty plea.

{¶24} Therefore, this record reveals that the correct calculation is as follows:

| May 31, 2016 – June 17, 2016 | 17 days x3 | 51 days |

(issuance of PBPP order rescinding detention order to filing of the extradition proceeding)

August 15, 2016 – September 14, 2016      30 days x3      90 days
(transfer to Mahoning County Justice Center to filing of pro se motions)

September 22, 2016 – October 3, 2016      11 days x3      33 days
(withdrawal of pro se motions to filing of motion to dismiss)

Total      174 days

**{¶25}** Based on the foregoing calculation, no statutory speedy trial violation occurred in this case. Assuming arguendo that the clock began to run on May 31, 2016 as asserted by Appellant, this record reflects that with time tolled pursuant to R.C. 2945.72, fewer than 270 days expired between May 31, 2016 and October 3, 2016, the day the motion to dismiss was filed. Therefore, Appellant's assignments of error are without merit and the judgment entry of the trial court is affirmed.

Donofrio, J., concurs.

Robb, P.J., concurs.

Case No. 17 MA 0023

_____

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed.  Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure.  It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**