[Cite as *State v. Wilson*, 2019-Ohio-2741.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                            No. 107926

    v.                           :

RICHARD WILSON,                         :

    Defendant-Appellant.         :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 3, 2019

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-16-610385-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Brian Lynch, Assistant Prosecuting Attorney, *for appellee.*

Myriam A. Miranda, *for appellant.*

ANITA LASTER MAYS, J.:

{¶ 1}  Defendant-appellant Richard Wilson ("Wilson"), appeals his guilty plea and conviction, and asks this court to vacate his conviction and find that he was denied effective assistance of counsel.  After a review of the record, we affirm.

{¶ 2} Wilson pleaded guilty to one count of felonious assault, a second-degree felony, in violation of R.C. 2903.11, and to a one-year firearm specification, in violation of R.C. 2941.141. Wilson was sentenced to two years in prison on the felonious assault and one-year for the firearm specification for an aggregate of three years in prison. The trial court awarded Wilson 365 days of jail-time credit.

## I. Facts and Procedural History

{¶ 3} The facts adduced reveals that on December 18, 2015, Wilson entered the residence of the victim, Christopher Baldwin ("Baldwin") while Baldwin was playing video games with several friends. Once inside, Baldwin claimed that Wilson had a gun in his hand, struck Baldwin in the head, and fired his gun several times. One of the bullets grazed Baldwin's shoulder. Baldwin fought his way free and ran to a neighbor's house and called 911. When police arrived on the scene, two shell casings and a bullet fragment were recovered in Baldwin's living room. The detectives submitted the evidence to the Cuyahoga County Regional Forensic Laboratory ("CCRFSL") for testing.

{¶ 4} Wilson was not arrested and fled to Iowa with his girlfriend. Wilson was subsequently arrested in Iowa on a separate firearm charge on March 21, 2016. Ballistics comparison concluded that the firearm recovered in Iowa was the firearm used in the Baldwin incident. Additionally, one of Wilson's accomplices identified Wilson as Baldwin's shooter. Wilson was indicted on November 8, 2016, on two counts of aggravated burglary, with one- and three-year firearm specifications; two counts of aggravated robbery, with one- and three-year firearm specification; one

count of kidnapping, with one- and three-year firearm specifications; two counts of felonious assault, with one- and three-year firearm specifications; and one count of having a weapon while under disability.

{¶ 5} Wilson's arraignment was scheduled for November 23, 2016, but he failed to appear, and a warrant was issued for his arrest. At the time of the indictment and arraignment, Wilson, unknown to the state of Ohio, was incarcerated in Iowa on another matter. After Wilson completed his sentence in Iowa, he was arrested again on a probation violation in Iowa in November 2017. It was at that time that Iowa discovered there was a warrant for Wilson in Ohio. Cuyahoga County took Wilson into custody on April 28, 2018, and he was arraigned on May 1, 2018. According to the docket, pretrials were held thereafter on May 4 and 17, June 7 and 26, July 10 and 24, August 13 and 20, and September 26, 2018. All of the pretrials were continued at Wilson's request. Trial was originally scheduled for September 10, 2018, however it was rescheduled for October 2, 2018 at Wilson's request.

{¶ 6} On October 2, 2018, Wilson pleaded guilty to one count of felonious assault with a one-year firearm specification. Wilson was sentenced to three years in prison for the felonious assault and one-year for the firearm specification. The trial court awarded Wilson 365 days of jail-time credit, which included the five months he awaited extradition in Iowa.

{¶ 7} Wilson has filed this appeal assigning two errors for our review:

I.      Appellant was denied the effective assistance of counsel; and,

II.     Appellant's plea was not entered in accordance to Crim.R. 11.

## II.     Ineffective Assistance of Counsel

### A.     Standard of Review

{¶ 8}   To establish a claim for ineffective assistance of counsel, Wilson must show that

> his trial counsel's performance was deficient and that the deficient performance prejudiced his defense. *State v. Drummond*, 111 Ohio St.3d 14, 2006-Ohio-5084, ¶ 205, 854 N.E.2d 1038, citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).   Prejudice is established when the defendant demonstrates "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.   A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland* at 694.

*State v. Salti*, 8th Dist. Cuyahoga No. 106834, 2019-Ohio-149, ¶ 66.

### B.     Whether the Appellant was Denied the Effective Assistance of Counsel when his Counsel did not File a Motion to Dismiss for Lack of Speedy Trial

{¶ 9}   Wilson claims that his trial counsel was ineffective because counsel failed to file a motion to dismiss for want of speedy trial.

> Generally, the failure to raise the violation of speedy trial rights in the trial court constitutes a waiver of the defense on appeal.   However, a defendant may raise a speedy trial claim in the context of a claim of ineffective assistance of counsel.   *Cleveland v. White*, 8th Dist. Cuyahoga No. 99375, 2013-Ohio-5423, ¶ 7.   And in order to demonstrate that counsel provided ineffective assistance of counsel by failing to file a motion to dismiss for speedy trial violations, the defendant must show that the motion would have been successful and the case would likely have been dismissed.   *Id.*   "Counsel cannot be [ineffective] for failing to file a fruitless motion." *State v. Cottrell*, 4th Dist. Ross Nos. 11CA3241 and 11CA3242, 2012-Ohio-4583, ¶ 8.

*State v. Mango*, 8th Dist. Cuyahoga No. 103146, 2016-Ohio-2935, ¶ 18.

{¶ 10} According to the record, Wilson was arrested in the state of Iowa for a probation violation in November 2017 and awaited extradition on this case until he was brought to Ohio on April 29, 2018.

> The Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution guarantee a criminal defendant the right to a speedy trial. This guarantee is implemented in R.C. 2945.71, which provides the specific time limits within which a person must be brought to trial. *State v. Blackburn*, 118 Ohio St.3d 163, 2008-Ohio-1823, 887 N.E.2d 319, ¶ 10.
>
> A defendant charged with a felony must be brought to trial within 270 days of his or her arrest. R.C. 2945.71(C)(2). However, "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." R.C. 2945.71(E). This is referred to as the triple count provision. *State v. Wright*, 7th Dist. Mahoning No. 15 MA 0092, 2017-Ohio-1211, ¶ 29, appeal not allowed, 150 Ohio St.3d 1433, 2017-Ohio-7567, 81, N.E.3d 1272, ¶ 29.
>
> The trial time tolling provisions are set forth in R.C. 2945.72. Relevant to this appeal, speedy trial is tolled for any time "during which the accused is unavailable for hearing or trial * * * by reason of his confinement in another state, or by reason of the pendency of extradition proceedings, provided that the prosecution exercises reasonable diligence to secure his availability." R.C. 2945.72(A). Where the prosecution did not unreasonably delay extradition, arrest in another state on an Ohio warrant and confinement awaiting extradition does not count toward the speedy trial clock and the time is tolled until the defendant arrives in Ohio. *State v. Helms*, 7th Dist. Mahoning No. 14 MA 96, 2015-Ohio-1708, ¶ 24.

*State v. Harvey*, 7th Dist. Mahoning No. 17 MA 0023, 2018-Ohio-2777, ¶ 3-5.

{¶ 11} Wilson asserts that the five months that he was incarcerated in Iowa awaiting extradition to Ohio was unreasonable. The record is void regarding any proceedings in the five months that Wilson has referenced. We conclude that

Wilson does not demonstrate that the state of Ohio did not exercise reasonable diligence to secure his availability for proceedings in Ohio.

> It has been concluded that, where the prosecution did not unreasonably delay extradition, arrest in another state on an Ohio warrant and confinement awaiting extradition does not count toward the speedy trial clock and the time is tolled until the defendant arrives in Ohio. *State v. Haney*, 11th Dist. [Lake] No. 2012-L-098, 2013-Ohio-2823 ¶ 23-25, citing *State v. Patrick*, 2d Dist. [Montgomery] No. 15225, 1996 Ohio App. LEXIS 2516 (June 14, 1996) and *State v. Adkins*, 4 Ohio App.3d 231, 232, 447 N.E.2d 1314 (3d Dist.1982) (where defendant was arrested in Kentucky and waived extradition, time began to run when he arrived in Ohio); *State v. Tullis*, 10th Dist. Franklin No. 04AP-333, 2005-Ohio-2205, ¶ 22 (time involved between arrest in Missouri and transfer to Ohio did not raise concerns of a lack of diligence).

*State v. Helms*, 7th Dist. Mahoning No. 14 MA 96, 2015-Ohio-1708, ¶ 24.

{¶ 12} Therefore, we conclude that Wilson has not shown that the trial court would have granted the motion to dismiss on speedy-trial grounds.

{¶ 13} We also conclude that Wilson has not demonstrated that his trial counsel was ineffective for failure to file a motion to dismiss.

> And in order to demonstrate that counsel provided ineffective assistance of counsel by failing to file a motion to dismiss for speedy trial violations, the defendant must show that the motion would have been successful and the case would likely have been dismissed. *Id.* "Counsel cannot be [ineffective] for failing to file a fruitless motion." *State v. Cottrell*, 4th Dist. Ross Nos. 11CA3241 and 11CA3242, 2012-Ohio-4583, ¶ 8.

*State v. Mango*, 8th Dist. Cuyahoga No. 103146, 2016-Ohio-2935, ¶ 18.

{¶ 14} Wilson's first assignment of error is overruled.

### III. Guilty Plea

#### A. Standard of Review

{¶ 15} Wilson contends that his guilty plea was not entered knowingly, intelligently, and voluntarily.

> The standard of review we must apply for compliance with the requirements set forth in Crim.R. 11(C) is de novo. *State v. Roberts*, 8th Dist. Cuyahoga No. 89453, 2010-Ohio-3302, ¶ 19, citing *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977). It requires an appellate court to review the totality of the circumstances and determine whether the plea hearing was in compliance with Crim.R. 11(C). *Id.*
>
> In order to comply with Crim.R. 11(C), a trial court must determine whether the defendant fully comprehends the consequences of his guilty plea. *State v. Gatson*, 8th Dist. Cuyahoga No. 94668, 2011-Ohio-460, ¶ 5. "'Adherence to the provisions of Crim.R. 11(C)(2) requires an oral dialogue between the trial court and the defendant that enables the court to determine fully the defendant's understanding of the consequences of his plea of guilty or no contest.'" *Id.*, quoting *State v. Caudill*, 48 Ohio St.2d 342, 358 N.E.2d 601 (1976), paragraph two of the syllabus. "'Unlike * * * constitutional rights, which necessitate strict compliance [with Crim.R. 11(C)], nonconstitutional rights require that the trial court demonstrate substantial compliance.'" *State v. Fink*, 11th Dist. Ashtabula No. 2006-A-0035, 2007-Ohio-5220, ¶ 18, quoting *State v. White*, 11th Dist. Lake No. 2002-L-146, 2004-Ohio-6474, ¶ 25. "Substantial compliance means 'that under the totality of the circumstances[,] the defendant subjectively understands the implications of his plea and the rights he is waiving.'" *White* at ¶ 25, quoting *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

*State v. Darling*, 8th Dist. Cuyahoga No. 104517, 2017-Ohio-7603, ¶ 17-18.

**B.    Whether Appellant Understood his Charges and the Possible Consequences of his Plea**

{¶ 16} Wilson contends that his guilty plea was not made voluntarily because he thought he would receive treatment or probation as a result of his guilty plea.

> Crim.R. 11(C)(2)(a) requires the court to determine that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved.  Therefore, a trial court must substantially comply with this requirement.

*State v. Reed*, 8th Dist. Cuyahoga No. 102364, 2016-Ohio-689, ¶ 10.

{¶ 17} The record reveals that the trial judge who took Wilson's plea is not the trial judge that presided over Wilson's sentencing hearing.  The trial judge at the plea hearing addressed Wilson personally and advised Wilson of the nature of the charges and the maximum penalties involved.  The transcript of the plea hearing indicates this stating,

> Court:        Do you understand the offense to which you will be pleading as amended in Count 6 is a felony of the [second] degree with a one-year firearm specification. The felony of the [second] degree carries with it a possible term of two — yes, two, three, four, five, six, seven, or eight years and/or up to a $15,000 fine, do you understand that?
>
> Defendant: Yes.
>
> Court:        Do you also know that you shall be subject to three years mandatory [postrelease] control.  That's a parole period after incarceration.  If you violate the terms of [postrelease] control, you may look at additional time of up to half the original sentence and/or a charge of felony escape if you're violated by the Parole Authority or Department of Corrections.  If you were on judicial release and violated by a judge, you may look at the

imposition of the remainder of your prison term, do you understand?

Defendant: Yes.

Court: And in addition to that sentence, possible sentence for a felony of the [second] degree, you shall serve a mandatory consecutive term of one year for the firearm specification. No reduction for the mandatory time, no reduction in sentencing and no judicial release for that time for the firearm, do you understand?

Defendant: Yes.

Court: All right. Other than what you've heard here today has anyone promised you anything or threatened you in any way in order to get you to change your plea?

Defendant: No, ma'am.

Court: All right. Are you presently on probation, parole or [postrelease] control to anyone?

Defendant: Probation.

Court: You're on probation to Judge Jackson?

Counsel: He's on probation in Iowa.

Court: In Iowa, okay. For what?

Counsel: A gun case. He ended up getting probation and drug treatment and then extradited back.

Court: Okay. Well, you understand that I don't know what Iowa is about, but you may be subject to consequences in Iowa?

Counsel: We went over that, your Honor, but actually this case occurred before he was placed on probation. This is from 2015. So we don't believe he's subject to any increased penalties.

Court:        All right.  Without knowing.

Counsel:      We just want to make sure.

Court:        All right.  How do you plead then to the charge as amended, felonious assault, in violation of 2903.11(A)(2), which states that on or about December 18, 2015, you did knowingly cause or attempt to cause physical harm to Christopher Baldwin, B-A-L-D-W-I-N, by means of a deadly weapon or dangerous ordnance, to wit:  a firearm, how do you plead?

Defendant:    Guilty.

Court:        All right.  And to the one-year firearm specification in violation of [R.C.] 2941.141(A), which states that you had a firearm on or about your person or under your control while committing the offense, how do you plead?

Defendant:    Guilty.

Court:        All right.  And to the forfeiture of the weapon, in violation of [R.C.] 2941.141(A), which states that on that date you were the owner and/or possessor of a firearm, Lorcin serial No. 091249, which was contraband and/or property derived from or through the commission or facilitation of an offense or an instrumentality used or intended to be used in the commission or facilitation of a felony offense, how do you plead?

Defendant:    Guilty.

Court:        All right.  Let the record reflect the Court finds the defendant knowingly, voluntarily, with full understanding of his rights entered his pleas of — plea of guilt.  At the recommendation of the [s]tate, the remaining Counts 1 through 5, 7, and 8 are nolled.  Counsel, are you satisfied Rule 11 has been complied with?

Counsel:      Yes, your Honor.

State:        Yes, your Honor.

(Tr. 34-38.)

{¶ 18} At sentencing, the original judge assigned to the case presided and Wilson's attorney informed the court that Wilson's plea was not made knowingly. He stated,

> Unfortunately, after speaking with my client, it became clear this morning that he did not understand the terms of the plea. He was under the impression that by doing the plea that probation and/or some form of treatment would be a possibility with him, and then I, again, explained that no, basically under the plea, the best-case scenario would be a likelihood of three years with a maximum of up to nine based upon your plea. He apparently did not understand that at all and has indicated in the PSI, when they asked him of course what happened, he again denied that he did anything. And he indicated to me that he basically only pled to avoid the possibility of the long term that he was facing in prison, I believe with a floor of nine years and obviously with a much higher potential.
>
> So based upon what he indicated to me, I do not believe that his plea was made knowingly, intelligently, and voluntarily, and he does wish to withdraw his plea and set it for trial. We're also aware that your term is coming to an end, and obviously he would have an unknown new judge. I don't know what his or her schedule would be, but I'm guessing mid-January would be the approximate, quote/unquote, earliest that that would likely happen.

(Tr. 40-41.)

{¶ 19} After Wilson's counsel made this statement, the trial court addressed Wilson and explained the consequences of his guilty plea. (Tr. 41-43.) The trial court then allowed Wilson to speak to his trial counsel. After Wilson and his counsel spoke, Wilson's counsel stated that Wilson wanted to go forward with the sentencing. (Tr. 44.) Wilson agreed with counsel by stating, "correct." *Id.* Then the trial court asked Wilson if his guilty plea was made knowingly, to which Wilson

replied, "yes." (Tr. 46.) After a review of the record, we determine that Wilson's plea was made knowingly, voluntarily, and intelligently.

{¶ 20} Therefore, we overrule his second assignment of error.

{¶ 21} Judgment is affirmed.

It is ordered that the appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

MARY EILEEN KILBANE, A.J., and
RAYMOND C. HEADEN, J., CONCUR