[Cite as *State v. Brooks*, 2023-Ohio-1631.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Craig R. Baldwin, J, |
| Plaintiff-Appellee | : | Hon. Andrew J. King, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2022 CA 0055 |
| DEMONRAY BROOKS | : |  |
|  | : |  |
| Defendant-Appellant | : | <u>OPINION</u> |

CHARACTER OF PROCEEDING:          Criminal appeal from the Richland County
                                                        Court of Common Pleas, Case No. 2021
                                                        CR 902 R

JUDGMENT:                                    Affirmed

DATE OF JUDGMENT ENTRY:        May 15, 2023

APPEARANCES:

For Plaintiff-Appellee                          For Defendant-Appellant

GARY BISHOP                                   DARIN AVERY
Prosecuting Attorney                          105 Sturges Avenue
BY: CHASE E. BAKER                       Mansfield, OH 44903
Assistant Prosecutor
38 South Park Street
Mansfield, OH 44902

*Gwin, P.J.*

{¶1} Defendant-appellant Demondray Brooks ["Brooks"] appeals from the July 19, 2022 Judgment Entry of the Richland County Court of Common Pleas denying his Motion to Dismiss for failure to afford him a speedy trial.

*Facts and Procedural History*

{¶2} On January 7, 2022, the Richland County Grand Jury returned an Indictment charging Brooks with: Count 1, Failure to Comply with an Order or Signal of a Police Officer causing a substantial risk of serious physical harm to persons or property, a felony of the third degree in violation of R.C. 2921.331(B)(C)(4(ii)(5)(a)(ii); Count 2, Failure to Comply with an Order or Signal of a Police Officer while fleeing immediately after the commission of a felony, a felony of the fourth degree in violation of R.C. 2921.331(B)(C)(4); Count 3, Trafficking in a Fentanyl-Related Compound in the vicinity of a juvenile in an amount equal to or greater than 5 grams but less than 10 grams, a felony of the second degree in violation of R.C. 2925.03(A)(2)(C)(9)(d); Count 4, Possession of Fentanyl in an amount equal to or greater than 5 grams but less than 10 grams, a felony of the third degree in violation of R.C. 2925.11(A)(C)(11)(c); Count 5, Trafficking in Cocaine in the vicinity of a juvenile, a felony of the third degree in violation of R.C. 2925.03(A)(2)(C)(4)(c); Count 6, Possession of Cocaine in an amount equal to or exceeding 5 grams but less than 10 grams, a felony of the fourth degree in violation of R.C. 2925.11(A)(C)(4)(b); Count 7, Aggravated Trafficking in Drugs, Methamphetamine, a felony of the fourth degree in violation of R.C. 2925.03(A)(2)(C)(1)(a); Count 8, Aggravated Possession of Drugs, Methamphetamine, a felony of the fifth degree in violation of R.C. 2925.11(A)(C)(1)(a); Count 9, Trafficking in Drugs, Clonazepam, a

Schedule IV drug, in the vicinity of a juvenile in an amount less than bulk amount, a felony of the fourth degree in violation of R.C. 2925.03(A)(2)(C)(2)(a)(C)(2)(b); Count 10, Possession of Drugs, Clonazepam, a Schedule IV drug, with a previous conviction of a drug abuse offense, a felony of the fifth degree in violation of R.C. 2925.11(A)(C)(2)(a); Count 11, Having Weapons While under a Disability with a previous conviction for a drug trafficking offense, a felony of the third degree in violation of R.C. 2923.13(A)(3)(B); Count 12, Having Weapons While under a Disability with a previous conviction for a felony of violence, a felony of the third degree in violation of R.C. 2923.13(A)(2)(B); Count 13, Assault - J.N., a misdemeanor of the first degree in violation of R.C. 2903.13(A)(C); Count 14, Assault - K.T., a misdemeanor of the first degree in violation of R.C. 2903.13(A)(C); and Count 15, Criminal Damaging or Endangering with a substantial risk of serious harm to the property of M.P., a misdemeanor of the first degree in violation of R.C. 2909.06(A)(1)(B).

{¶3} On November 25, 2021, Brooks filed a Demand for Discovery. [Docket Entry No. 16].

{¶4} On March 24, 2022, Brooks filed a Motion to Continue the trial date. [Docket Entry No. 22]. On April 6, 2022, Brooks filed a Motion to Dismiss/Suppress Counts 1, 2, 11 & 12 of the Indictment. [Docket Entry No. 23]. On April 13, 2022, the trial court filed a Notice of Hearing scheduling a hearing on Brooks' motion to dismiss/suppress for April 22, 2022. [Docket Entry No. 25]. On April 14, 2022, the trial court filed a Judgment Entry granting Brooks' motion to continue, and scheduled a new trial date of May 16, 2022. [Docket Entry No. 26]. On April 28, 2022, the trial court filed a Judgment Entry overruling Brooks' motion to dismiss/suppress. [Docket Entry No. 31].

{¶5} On May 3, 2022, counsel for Brooks filed a motion to withdraw. [Docket Entry No. 32]. By Judgment Entry filed May 4, 2022, the trial court granted the motion to withdraw and scheduled a final pre-trial for May 12, 2022 and a jury trial for May 16, 2022. [Docket Entry No. 34].

{¶6} On May 6, 2022, Brooks' new counsel filed a Demand for Discovery a Demand for a Bill of Particulars, and a Demand for Testimony. [Docket Entry No. 35, 36, and 37]. On May 12, 2022, Brooks filed a motion to continue the trial, in which he noted that he had received discovery from the state on May 10, 2022. [Docket Entry No. 40].

{¶7} On May 23, 2022, Brooks filed a pro se motion to dismiss for a violation of his right to a speedy trial. [Docket Entry No. 42]. On June 9, 2022, Brooks filed a pro se motion to discharge his counsel and represent himself. [Docket Entry No. 43].

{¶8} By Judgment Entry filed June 15, 2022, the trial court granted Brooks' motion to continue the trial date. [Docket Entry No. 45]. The trial court tolled time and scheduled a new trial date for July 18, 2022.

{¶9} On June 24, 2022, Brooks, through counsel, filed a Motion to Dismiss alleging a violation of his right to a speedy trial.

{¶10} On July 15, 2022, the trial court held a hearing on Brooks' motion to dismiss. Sergeant Beau James of the Richland County Sheriff's Office, Corrections Division testified that Brooks has been in jail since his arrest on the present charges on November 2, 2021. T. at 25-26.[1] On the day of his arrest, a holder was placed on Brooks by Morrow County for a Failure to Appear for a misdemeanor charge. Id. at 26-27.

---

[1] The transcript references are to the *Hearing on Motion, Change of Plea & Sentencing* held July 15, 2022.

{¶11} The trial court took the motion to dismiss under advisement and next addressed Brooks' request to proceed pro se. T. at 33-34. Brooks informed the court that he decided not to represent himself. T. at 41. After plea negotiations, the trial judge orally overruled Brooks' motion to dismiss. Id. at 52. Thereafter, the state amended Count 3 of the Indictment to remove the "in the vicinity of a juvenile" language thereby making the offense a felony of the third degree. T. at 54-55. The trial court permitted Brooks to plead "No Contest" to Counts 1, 2, Count 3 as amended, Counts 7, 11, 13 and Count 15. Brooks stipulated to a guilty finding by the trial judge. T. at 64. The trial court imposed the agreed upon sentence of 8.5 years as follows: Count 1: 36 months; Count 3: 36 months; Count 7: 12 months, Count 11: 18 months, to be served consecutively to each other but concurrently with Count 13: 6 months, concurrent to Count 15: 6 months.

*Assignment of Error*

{¶12} Brooks raises one Assignment of Error,

{¶13} "I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO DISMISS FOR FAILURE TO GRANT HIM A SPEEDY TRIAL."

*Law and Analysis*

**Standard of Appellate Review**

{¶14} Speedy trial provisions are mandatory and are encompassed within the Sixth Amendment to the United States Constitution. The availability of a speedy trial to a person accused of a crime is a fundamental right made obligatory on the states through the Fourteenth Amendment. *State v. Ladd*, 56 Ohio St.2d 197, 200, 383 N.E.2d 579 (1978). "The statutory speedy trial provisions, R.C. 2945.71 et seq., constitute a rational effort to enforce the constitutional right to a public speedy trial of an accused charged with

the commission of a felony or a misdemeanor and shall be strictly enforced by the courts of this state." *State v. Pachay*, 64 Ohio St.2d 218, 416 N.E.2d 589 (1980), syllabus.

**{¶15}** Our review of a trial court's decision regarding a motion to dismiss based upon a violation of the speedy trial provisions involves a mixed question of law and fact. *State v. Larkin,* 5th Dist. No. 2004–CA–103, 2005-Ohio-3122, ¶11. *State v. Long,* 163 Ohio St.3d 179, 2020-Ohio-5363, 168 N.E.3d 1163, ¶15. As an appellate court, we must accept as true any facts found by the trial court and supported by competent, credible evidence. *State v. Taylor*, 5th Dist. Richland No. 16 CA 17, 2016-Ohio-5912, ¶43, *citing Larkin; Long,* 163 Ohio St.3d 179, 2020-Ohio-5363, 168 N.E.3d 1163, ¶15.

**{¶16}** With regard to the legal issues, however, we apply a de novo standard of review and thus freely review the trial court's application of the law to the facts. *Long,* 163 Ohio St.3d 179, 2020-Ohio-5363, 168 N.E.3d 1163, ¶15. When reviewing the legal issues presented in a speedy-trial claim, we must strictly construe the relevant statutes against the state. *Brecksville v. Cook*, 75 Ohio St.3d 53, 57, 661 N.E.2d 706, 709 (1996); *State v. Colon*, 5th Dist. Stark No. 09-CA-232, 2010-Ohio-2326, ¶12.

**Issue for appellate review:** *Whether the trial court permissibly extended the trial date beyond the R.C. 2945.71 time prescriptions*

**{¶17}** Brooks specifically contends dismissal of the indictments in the case sub judice was required on the grounds that he was not brought to trial within ninety days under the "triple-count" provision of R.C. 2945.71(E). Brooks argues that the decision in *State v. McDonald*, 48 Ohio St.2d 66, 357 N.E.2d 40(1976) was wrongly decided. Specifically, Brooks contends that R.C. 2945.71(E) does not contain any language that

the accused be held in jail "solely" on the pending charge in order to be entitled to the triple-count provisions. [Appellant's brief at 11].

**{¶18}** A person charged with a felony shall be brought to trial within 270 days after the person's arrest or the service of summons. R.C. 2945.71(C)(2). In addition, the first day is excluded from the count. *State v. Adkins*, 4 Ohio App.3d 231, 232, 447 N.E.2d 1314 (3rd Dist. 1982), Crim.R. 45 and R.C. 1.14. Accordingly, it is Brooks' contention that the state had until Tuesday, February 1, 2022 to bring Brooks to trial[2].

**{¶19}** The statutory provision commonly referred to as the "triple count" provision, R.C. 2945.71(E), reads as follows,

> (E) For purposes of computing time under divisions (A), (B), (C)(2), and (D) of this section, each day during which the accused is held in jail in lieu of bail *on the pending charge* shall be counted as three days. This division does not apply for purposes of computing time under division (C)(1) of this section.

Emphasis added. The Ohio Supreme Court has held that the triple count provision only applies when the person is being held in jail in lieu of bail solely on the pending case. *State v. McDonald*, 48 Ohio St.2d 66, 357 N.E.2d 40(1976), paragraph one of the syllabus. *Accord, State v. Ladd,* 56 Ohio St.2d 197, 202-203, 383 N.E.2d 579(1978).

**{¶20}** Upon review of the record, we find that competent, credible evidence supports the trial court's conclusion that Brooks was not being held in the Richland County jail solely on the underlying charges in the case sub judice. Unrefuted testimony was

---

[2] Arrested November 2, 2021. 90 days equals Monday January 31, 2022. Exclude first day equals Tuesday, February 1, 2022.

presented that a holder was placed upon Brooks by Morrow County on November 2, 2021. T. at 25. We hold the existence of the detainer from Morrow County would alone equate to Brooks being held on other charges for the purposes of *McDonald, supra*. To be held in jail on "the pending charge" can only be interpreted as meaning that "but for" the pending charge the defendant could not be held in jail. In the case at bar, had Brooks posted bond on the pending charges, he would not have been released from jail because of the holder placed on him by Morrow County. T. at 26. Richland County was informed that Morrow County had an active warrant for Brooks and they intended to come and get Brooks. T. at 26 – 28. Therefore, Brooks was not held in jail only because of the charges in the case at bar. Hence, we conclude the trial court properly denied the application of the triple-count provision of R.C. 2945.71(E) under the facts of this case.

{¶21} Brooks' appeal to this Court to reverse or ignore the Ohio Supreme Court's decision in *McDonald* is untenable. Article IV of the Ohio Constitution designates a system of "superior" and "inferior" courts, each possessing a distinct function. The Constitution does not grant to a court of common pleas or to a court of appeals jurisdiction to reverse or vacate a decision made by a superior court. *See, State, ex rel. Potain v. Mathews*, 59 Ohio St.2d 29, 32, 391 N.E.2d 343, 345 (1979); R.C. 2305.01; *Hutto v. Davis,* 454 U.S. 370, 374, 102 S.Ct. 703, 70 L.Ed.2d 556(1982) (*per curiam*); *State v. Hamon,* Fifth Dist. Delaware No. 12 CAA 12 0089. 2015-Ohio-887, ¶24.

{¶22} Brooks' sole Assignment of Error is overruled.

{¶23} The judgment of the Richland County Court of Common Pleas is affirmed.


By Gwin, P.J.,

Baldwin, J., and

King, J., concur